315 So.2d 538 (1975)
Earl KING, Appellant,
v.
TYREE'S OF TAMPA, INC., D/B/a Tyree's Inc., a Corporation, et al., Appellees.
No. 74-1169.
District Court of Appeal of Florida, Second District.
July 2, 1975.
Rehearing Denied July 25, 1975.
*539 William A. Seacrest of Peterson, Carr, Harris & Seacrest, Lakeland, for appellant.
M.W. Graybill and Ted R. Manry, III, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellees.
SCHEB, Judge.
This appeal is from dismissal of the appellant/plaintiff's suit and focuses on the applicability of RCP 1.260(a)(1) as relates to the time for substitution of a successor for a deceased party plaintiff.
In 1971 the plaintiff sued the appellees/defendants on a cause of action arising out of an automobile accident. The plaintiff died on February 9, 1974, during the pendency of the litigation and on May 3, 1974, his attorney, pursuant to RCP 1.260(a)(1), filed a suggestion of death with the trial court. On August 5, 1974, the defendants moved for dismissal on the ground that no motion for substitution had been filed within the 90-day period after the filing of the suggestion as required by RCP 1.260(a)(1). On August 22, 1974, Lee Hubbard was appointed administratrix of the estate of the deceased plaintiff, and on August 28, 1974, filed her motion for substitution through the same attorney who had filed the suggestion. Thereafter, the trial court granted the defendants' motion and dismissed plaintiff's cause of action.
We hold that under the circumstances of this case, failure to file the motion for substitution within the time prescribed by RCP 1.260(a)(1) subjected the plaintiff's cause to dismissal. Therefore, we affirm.
Rule 1.260(a)(1) provides:
If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on all parties as provided in Rule 1.080 and upon persons not parties in the manner provided for the service of a summons. Unless the motion for substitution is made within 90 days after the death is suggested upon the record by service of a statement of the fact of the death in the manner provided for the service of the motion, the action shall be dismissed as to the deceased party.
On appeal, plaintiff argues that since the suggestion of death did not specify the name of a person who was eligible to be appointed as successor, the trial court's dismissal should be reversed on authority of Rende v. Kay, 1969, 134 U.S.App.D.C. 403, 415 F.2d 983, which construed Rule 25 of the Federal Rules of Civil Procedure, a rule identical to RCP 1.260. True, in Rende the court held that a suggestion of death does not trigger the running of the 90-day period unless it specifies the person available to be substituted. In Rende it was the defendant who filed the suggestion and also sought the dismissal. There the plaintiff's counsel, upon returning to practice *540 following an injury, learned of the motion to dismiss whereupon he filed a motion to extend the time for filing under Federal Rule 6(b) along with a motion for substitution under Rule 25.
In the case sub judice it was the plaintiff's counsel who set in motion the time requirements under RCP 1.260(a)(1) and the defendant who then sought dismissal. Even then the plaintiff's counsel did not seek an enlargement of time as may have been available under RCP 1.090(b).
In Farmers Insurance Group v. District Court of the Second Judicial Circuit, Colo. 1973, 507 P.2d 865, the Supreme Court of Colorado rejected Rende in construing its substitution rule which is identical to Federal Rule 25 and RCP 1.260. Likewise, we are not impressed with the Rende view nor the logic of applying it to the case sub judice. To accept Rende as authority for reversal of the trial court would require us to engraft an exception to RCP 1.260.
In Staggers v. Otto Gerdau Co., 2nd Cir.1966, 359 F.2d 292, the court allowed a substitution to be filed two days late under Federal Rule 25 because of difficulties in obtaining appointment of a personal representative. The court in Staggers found the defendant suffered no prejudice from the tardy filing.
In Yonofsky v. Wernick, S.D.N.Y. 1973, 362 F. Supp. 1005, the plaintiff, Yonofsky, died on October 26, 1970. A suggestion of plaintiff's death was filed by the defendant on October 28; and 118 days later the executor of plaintiff's estate moved to be substituted. In justification for late filing of the motion for substitution, the executor contended there were significant difficulties encountered in bringing about his appointment as a personal representative of the deceased plaintiff's estate. The trial court, upon finding the plaintiffs had made the required showing of excusable neglect and since there was no showing of prejudice to the defendant, held the plaintiff was entitled to an extension of time under Federal Rule 6(b) and allowed the motion for substitution.
In the case sub judice the record does not reflect any attempt on the part of the plaintiff's counsel who filed the suggestion to obtain any extension of time authorized under RCP 1.090. Nor is there any showing in the record of any difficulties in securing appointment of a personal representative which may have caused the delay in filing the motion for substitution. We recognize, however, the possibility that some unusual delay may have been encountered in obtaining appointment of a personal representative since the deceased died intestate. Therefore, we point out that RCP 1.540(b)(1) furnishes a basis for a party to petition the trial court to relieve him or his legal representative from the effect of a judgment where there has, in fact, been excusable neglect.
Accordingly, we affirm the trial court, without prejudice to the plaintiff's right to file a motion under RCP 1.540 should appropriate grounds therefor exist.
HOBSON, A.C.J., and GRIMES, J., concur.