352 So.2d 1233 (1977)
NATIONWIDE Mutual FIRE INSURANCE COMPANY, Appellant,
v.
James G. HOLMES and Emil Frantsi, Appellees.
No. 77-755.
District Court of Appeal of Florida, Fourth District.
November 29, 1977.
Edna L. Caruso of Montgomery, Lytal, Reiter, Denney & Searcy, P.A., West Palm Beach, for appellant.
Joel T. Daves, III of Burdick & Daves, West Palm Beach, for appellees.
DAUKSCH, Judge.
Defendant Nationwide Mutual Fire Insurance Company seeks interlocutory review of an Order granting Plaintiff Holmes' Motion to Join an Indispensable Party and Orders denying Nationwide's Motion for Summary Judgment and Motion to Dismiss for lack of jurisdiction over the person. This latter Order would be specifically reviewable by interlocutory appeal, Fla.App.R. 4.2(a), but for the fact that Nationwide's *1234 Motion to Dismiss was predicated upon the erroneous ground of lack of jurisdiction over its person. Nationwide did not raise the defense of insufficiency of service of process so the trial court had jurisdiction over its person once service was perfected. More properly, the Motion should have been grounded on failure to properly join an indispensable party. Although none of the Orders are subject to interlocutory review, in the exercise of our discretion, we treat this appeal as a Petition for Writ of Certiorari.
In April, 1976, Holmes brought suit against Emil Frantsi and his insurer, Nationwide, for damages resulting from a two car collision in which Mr. Holmes and Mr. Frantsi were the drivers. On July 21, 1976, the Defendants filed a Suggestion of Death of Defendant Emil Frantsi. On November 2, 1976, the Defendants moved to dismiss the complaint as to Mr. Frantsi on the ground that Plaintiff failed to move for substitution of another party within the 90-day period required by Fla.R.Civ.P. 1.260(a)(1). The Motion was granted. Defendant Nationwide then moved for summary judgment on the ground that Mr. Frantsi was an indispensable party to the action and Plaintiff could not pursue a direct action against Nationwide once Mr. Frantsi, or his personal representative, was no longer a defendant. The trial court denied Nationwide's Motion and Plaintiff was permitted to join the personal representative of Mr. Frantsi's estate as a Defendant. Nationwide then moved to dismiss the action on the erroneous ground of lack of jurisdiction over the person, asserting that the estate could not be liable if the insured, Mr. Frantsi, could not be liable. This Motion was denied.
The issue for our determination is whether it was error to allow Plaintiff to join the personal representative of Mr. Frantsi's estate in order to preserve a direct action against Nationwide.
Fla.R.Civ.P. 1.260(a)(1) concerns the substitution of proper parties following a suggestion of the death of a party. Once the death is suggested in the manner provided by the rule, a motion for substitution must be made within 90 days or "the action shall be dismissed as to the deceased party." The rule is mandatory. If a party is unable to procure substitution of the proper party within the 90 days, he may move for an enlargement of the period under Fla.R. Civ.P. 1.090(b). Relief may also be available under Fla.R.Civ.P. 1.540(b) on a showing of excusable neglect. See New Hampshire Ins. Co. v. Kimbrell, 343 So.2d 107 (Fla. 1st DCA 1977); King v. Tyree's of Tampa, Inc., 315 So.2d 538 (Fla. 2d DCA 1975).
There is no indication that Plaintiff moved for an enlargement of the 90-day period or that his failure to move for substitution within the time permitted was the result of excusable neglect. The trial court properly dismissed the Defendant Frantsi at the expiration of the 90 days. It was then too late for Plaintiff to substitute a party in Mr. Frantsi's place.
Mr. Frantsi was an indispensable party to the action. In his complaint, Plaintiff alleged that Mr. Frantsi negligently operated his automobile resulting in a collision with Plaintiff's automobile, and that Nationwide had insured Mr. Frantsi against the consequences of his negligence. If a plaintiff is required to prove that the insured was negligent in order to recover from his insurer, the insured is an indispensable party and no action may proceed against the insurer without him, or his properly substituted party. Kephart v. Pickens, 271 So.2d 163 (Fla. 4th DCA 1972); Russell v. Orange County, 237 So.2d 192 (Fla. 4th DCA 1970).
The Petition for Writ of Certiorari is granted. The Order permitting the joinder of the personal representative is quashed with directions to enter summary judgment in favor of Appellant Nationwide, all without prejudice to Plaintiff's right to file a motion under Fla.R.Civ.P. 1.540, if appropriate grounds exist.
Order QUASHED with directions.
CROSS and MOORE, JJ., concur.