HENDRY, Judge.
Appellants, defendants below, bring this consolidated appeal from an order vacating a judgment of dismissal, rendered pursuant to Fla.R.Civ.P. 1.540(b).
There is but one issue on appeal, to-wit: whether the trial court abused its discretion in allowing a substitution of party plaintiff more than 90 days after the filing of a “suggestion of death.” We hold that no abuse of discretion has been shown, and affirm.
Fla.R.Civ.P. 1.260(a)(1) provides that:
“If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on all parties as provided in Rule 1.080 and upon persons not parties in the manner provided for the service of a summons. Unless the motion for substitution is made within 90 days after the death is suggested upon the record by service of a statement of the fact of the death in the manner provided for the service of the motion, the action shall be dismissed as to the deceased party.”
The above statute has been interpreted liberally to allow substitution of a party after 90 days of the suggestion of death upon a showing of excusable neglect, inadvertence, mistake, etc. pursuant to Fla.R.Civ.P. 1.540(b)(1), Relief from Judgment, Decrees or Orders. King v. Tyree’s of Tampa, Inc., 315 So.2d 538 (Fla. 2d DCA 1975); and pursuant to Fla.R.Civ.P. 1.090(b), Time. New Hampshire Insurance Company v. Kimbrell, 343 So.2d 107 (Fla. 1st DCA 1977). The trial judge, after a hearing, vacated his judgment of dismissal pursuant to Fla.R. Civ.P. 1.540(b), and in so doing, the record does not reflect an abuse of his discretion.
Accordingly, the order appealed from is affirmed and the cause remanded for further proceedings.
Affirmed.