HENDRY, Judge.
Jeffrey Pearl appeals from an order dismissing his action against appellee, pursuant to Rule 1.260(a)(1), Florida Rules of Civil Procedure,[1] for failure to file a notice of substitution of parties within 90 days after death was suggested upon the record. We reverse.
Appellant admits that he received notice of the death of Elizabeth Kelly. He asserts, however, without contradiction, that he contacted counsel for appellee on numerous occasions with regard to the substitution of parties after the death and was told each time that no personal representative had been appointed. Appellant also asserts, again without contradiction, that he was to be notified as soon as a personal representative was appointed so that a substitution of parties could be effected. Instead, appellee moved to dismiss the cause of action as soon as the 90 day period elapsed.
While the language of Rule 1.260 is mandatory, Nationwide Mutual Fire Insurance Co. v. Holmes, 352 So.2d 1233 (Fla. 4th DCA 1977), the statute has been interpreted liberally to allow substitution of a party after 90 days of the suggestion of death upon a showing of excusable neglect, inadvertence, mistake, fraud, etc. pursuant to Rule 1.540(b)(1), Florida Rules of Civil Procedure. Provident Life & Accident Insurance Co. v. Lebo, 355 So.2d 195 (Fla. 3d DCA 1978); Nationwide Insurance v. Holmes, supra; New Hampshire Insurance Co. v. Kimbrell, 343 So.2d 107 (Fla. 1st DCA 1977). A party may move also for an enlargement of time pursuant to Rule 1.090(b), Florida Rules of Civil Procedure, in order to procure proper substitution of parties if it has not been able to do so within the 90 days. Wilson v. Clark, 414 So.2d 526 (Fla. 1st DCA 1982); Nationwide Insurance v. Holmes, supra. Appellee’s reliance on Canter v. Hyman, 363 So.2d 29 (Fla. 3d DCA 1978), cert. denied, 368 So.2d 1368 (Fla.1979), is misplaced since in that case the motion for substitution of parties was filed almost two years after the suggestion of death, and there was no motion for an extension of time within which to file the substitution nor was there a showing of any difficulty that might have delayed filing the motion for substitution of parties. In the instant case it was appel-lee’s own conduct which lulled appellant into believing that compliance with the 90 day rule was not required. In this case we must agree with the appellant that there was excusable neglect and therefore we reverse the order dismissing the cause of action, with directions to permit substitution of the deceased party and proceed to trial. Bono v. Dubree, 350 So.2d 26 (Fla. 4th DCA 1977).
Reversed and remanded.

. The rule states in relevant part:
If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties ... Unless the motion for substitution is made within 90 days after the death is suggested upon the record by service of a statement of the fact of the death in the manner provided for the service of the motion, the action shall be dismissed as to the deceased party, (e.s.)