476 So.2d 230 (1985)
Adele STROH, Personal Representative of the Estate of Lillian Mushkin, Deceased, Appellant,
v.
Arthur DUDLEY and Dorothy Dudley, Appellees.
No. 83-2745.
District Court of Appeal of Florida, Fourth District.
August 21, 1985.
Rehearing and Rehearing Denied October 29, 1985.
*231 Russell E. Carlisle of Carlisle & LeCates, Fort Lauderdale, for appellant.
Spencer M. Sax of Sachs & Weiss, P.A., Boca Raton, for appellees.
Rehearing and Rehearing En Banc Denied October 29, 1985.
PURDY, H. MARK, Associate Judge.
This is an appeal from an Order Dismissing with Prejudice Appellant's Counter-claim.
Lillian Mushkin filed an Affidavit in the Public Records of Palm Beach County which alleged and claimed that she had a beneficial interest in real property, legally titled in the names of Arthur Dudley and Dorothy Dudley, who were her relatives. Briefly, the affidavit claimed that Lillian Mushkin advanced the sum of $31,000.00 as the entire down payment toward a home in Boca Raton, Florida, with the understanding that the premises would be occupied by herself and the Dudleys. It was also alleged that Lillian Mushkin paid one-half of the mortgage and other expenses for a period of time and that the property was to be sold in order to repay her investment with interest in the event she ceased to live there.
Arthur and Dorothy Dudley brought suit against Lillian Mushkin claiming slander of title and seeking equitable relief as a result of the recording of the affidavit. Lillian Mushkin filed her answer, defenses and counterclaim for resulting trust, constructive trust and equitable lien.
Lillian Mushkin died and Adele Stroh was appointed personal representative of the estate. Although a Suggestion of Death was filed in the lower court, no motion was made to substitute the personal representative within the 90 day period of time provided in Rule 1.260 (a)(1) of the Florida Rules of Civil Procedure.
Outside the 90 day period, Adele Stroh did file a Motion for Substitution of Parties, in response to which the Dudleys moved that the counterclaim be dismissed due to the untimeliness of the Motion for Substitution. In turn, Adele Stroh filed a verified response and moved to enlarge the time for substitution. All of this came before the lower court and one order was entered which denied the Motion for Substitution and Motion for Enlargement of Time and granted the Motion to Dismiss the Counterclaim. The Order made no findings and cited no basis for the ruling, but it did provide that the dismissal of the counterclaim was with prejudice. Adele Stroh's Motion for Rehearing was denied and this appeal follows.
This Court has reviewed the entire record before it and we concur with counsel that the ruling of the lower court must have been predicated upon one of two theories. First, that the terminology in the rule of the word "shall" makes dismissal mandatory and not discretionary. As a second (and less likely theory from our reading of the record), that the lower court exercised its discretion and in the interests of justice, denied the substitution and ordered dismissal with prejudice. In either event, we reverse.
We hold that Rule 1.260 (a)(1) does not require mandatory, non-discretionary dismissal even in light of the terminology "shall be dismissed as to the deceased party". The law of this State is that this provision should be liberally interpreted and applied to allow substitution after 90 days upon a showing of excusable neglect, inadvertence or mistake. Provident Life and Accident Insurance Company v. Lebo, 355 So.2d 195 (Fla.3d DCA 1978), Bono v. Dubree, 350 So.2d 26 (Fla. 4th DCA 1977), and New Hampshire Insurance Company v. Kimbrell, 343 So.2d 107 (Fla. 1st DCA 1977).
The issue before us was recently examined in detail in Somero v. Hendry General Hospital, 467 So.2d 1103 (Fla. 4th DCA 1985). As noted there, the courts of this State have favored liberality in setting aside defaults and resolving controversies on the merits. Dismissal with prejudice is *232 the extreme sanction and is not warranted from our view of the record, applying the principles enumerated and reiterated in Somero, supra.
This cause is reversed and remanded to the lower court with instructions to vacate the Order of Dismissal and grant the Appellant's Motion for Substitution of Parties and Motion for Enlargement of Time.
DAUKSCH, JAMES C., Associate Judge, concurs.
DOWNEY, J., dissents, with opinion.
DOWNEY, Judge, dissenting:
With some reluctance I am compelled to dissent because it appears to me that a reversal of the trial judge's orders, which dismissed the cause and denied the petition for rehearing, simply nullifies Florida Rule of Civil Procedure 1.260(a)(1), and results in substituting our judgment for that of the trial judge.
The record reflects that, while this litigation was pending, the plaintiff, Mushkin, died and her counsel filed a suggestion of death on November 9, 1982. Within a week Stroh was appointed personal representative of Mushkin's estate. However, it was not until eleven months later that Stroh filed a motion to substitute the personal representative for the deceased as proper party plaintiff to the suit. Thereupon, appellees filed a motion to dismiss pursuant to Rule 1.260(a)(1), to which Stroh filed a sworn response and shortly thereafter a motion for enlargement of time. The grounds set forth in the latter two pleadings for relief from Rule 1.260 were 1) that, after filing the suggestion of death, counsel for Stroh had advised counsel for appellees that the litigation would continue and 2) that the failure to timely move for substitution under the rule was due to the fact that Stroh's counsel was unaware that Rule 1.260(a)(1) had been amended so that the time for substitution of parties after filing a suggestion of death was reduced from two years to ninety days. The trial judge denied the motion for enlargement of time, dismissed the cause with prejudice and denied Stroh's petition for rehearing.
In my judgment the rule requiring dismissal after ninety days is mandatory unless the party has procured an extension of time prior to expiration of the ninety days or unless he can bring himself within the purview of Rule 1.540(b) by demonstrating mistake, excusable neglect, inadvertence, etc. Nationwide Mut. Fire Ins. Co. v. Holmes, 352 So.2d 1233 (Fla. 4th DCA 1977); King v. Tyree's of Tampa, Inc., 315 So.2d 538 (Fla.2d DCA 1975). The ninety day period had long since passed in this case without any extension or enlargement of time being requested or granted. Thus, our focus is relegated to the excuse for not complying with the rule. In that regard I do not believe the conversation between counsel supports Stroh's bid for relief. Unlike the scenario described in Somero v. Hendry General Hospital, 467 So.2d 1103 (4th DCA, 1985), that conversation could not be characterized as reasonable misunderstanding between counsel. The remaining ground for relief is counsel's misunderstanding of the existing law. Perhaps that could be excused if the amendment to the rule were of very recent vintage. However, it is not. The current provision of the rule allowing ninety days for substitution has existed for ten years. Thus, it appears to me that a reversal of the dismissal in this case is tantamount to a holding that ignorance of the law is excusable neglect. However, a lawyer's mistaken view of the law does not amount to the excusable neglect necessary to vacate a default under Rule 1.540(b), Florida Rules of Civil Procedure. Duckworth v. Duckworth, 414 So.2d 562, 564 (Fla.3d DCA 1982).
Stroh argues in the alternative that, in any event, the court erred in dismissing the case with prejudice because the rule is procedural rather than substantive. While that might generally be an effective argument against the finality of the judgment, I doubt its applicability here in the light of the purpose of the rule. Rule 1.260 is patterned after Rule 25, Federal Rules of Civil Procedure, which had its genesis in a federal statute of limitations. Accordingly, *233 the early cases held that a dismissal under the rule was res judicata. 7A Wright & Miller, Federal Practice and Procedure § 1952 et seq. (1972). Though the rule is procedural, the purpose of limiting the time for substitution in death cases is to obviate impeding the administration of the decedent's estate. Thus, to hold that a dismissal for failure to follow the rule is without prejudice would be counterproductive. As the court said in Easter Credit Association, Inc. v. Braxton's Estate, 215 A.2d 485, 487 (D.C.App. 1965):
A dismissal for failure to substitute should do more than merely require a plaintiff to seek a new place on the trial calendar; it should put an end to the litigation for all time.
Finally, the determination of whether a factual scenario falls into any of the categories allowing relief under Florida Rule of Civil Procedure 1.540(b) is for the trial court, not for appellate courts. Farish v. Lum's, Inc., 267 So.2d 325 (Fla. 1972); Schwab & Co., Inc. v. Breezy Bay, Inc., 360 So.2d 117, 118 (Fla.3d DCA 1978). The court stated in Schwab:
The precise circumstances constituting excusable neglect, mistake or inadvertence are not well defined and therefore the facts of each case are of singular importance in determining whether or not relief under Fla.R.Civ.P. 1.540(b) should be granted... . In addition, it is the duty of the trial court, not the appellate courts to make the determination of whether or not the facts constitute neglect, mistake, or inadvertence sufficient to excuse compliance with the rules ... The discretion reposed in the trial judge by Fla.R.Civ.P. 1.540 is of the broadest scope and in order to reverse a judge's ruling thereunder, there must be a showing of a gross abuse of discretion. (Citations omitted.)
360 So.2d at 118; Doctor's Hospital of Hollywood Inc. v. Madison, 415 So.2d 84, 85 (Fla. 4th DCA 1982). Therefore, regrettable as this result may seem, it appears the disposition of this appeal should be to affirm the decision of the trial court.