552 So.2d 1178 (1989)
Emmett TUCKER and Cone Brothers Contracting Company, Appellants,
v.
The FIRESTONE TIRE AND RUBBER COMPANY and Don Olson's Firestone, Inc., Appellees.
No. 89-00553.
District Court of Appeal of Florida, Second District.
November 22, 1989.
James W. Anderson of Lewis & McKenna, Tallahassee, for appellant Emmett Tucker.
David R. Tyrrell of Hill, Ward & Henderson, Tampa, for appellee The Firestone Tire and Rubber Co.
Nancy A. Lauten of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellee Don Olson's Firestone, Inc.
PATTERSON, Judge.
This appeal arises from a final order of dismissal of a personal injury action. We reverse.
Plaintiff Emmett Tucker died during the course of his litigation against defendants Firestone Tire and Rubber Co. and Don Olson's Firestone, Inc. A suggestion of death was filed on March 1, 1988. Pursuant to Florida Rule of Civil Procedure 1.260(a)(1), a motion for substitution of parties must be made within ninety days of the date a suggestion of death is filed. No motion was forthcoming, and on June 16 and 22, 1988, respectively, Firestone and Olson moved to dismiss the action under this rule.
On August 10, 1988, plaintiff's counsel moved to substitute the personal representative of the estate for the decedent. The motion recited difficulties in obtaining the appointment of Tucker's sister as personal representative.
On August 11, 1988, a hearing was held on the defendants' motions to dismiss. The trial judge declined to consider the motion *1179 to substitute and granted the motions to dismiss without prejudice. Thereafter, Tucker's counsel brought a motion in the nature of a motion for rehearing seeking to set aside the order of dismissal predicated on excusable neglect under Florida Rule of Civil Procedure 1.540. That motion was ultimately denied and this appeal followed.
We do not approve of the manner in which this matter was handled by trial counsel. Although a member of the Florida Bar, he practices in New Jersey. Faced with difficulties in obtaining the appointment of a personal representative, he could have sought an enlargement of the ninety-day time period or could have pursued the designation of an administrator ad litem. He did neither. He did, however, write the court two letters explaining his difficulties in probating the will, and he participated with the court and opposing counsel in a status conference where the matter was discussed. Eventually the New Jersey firm of which he was an associate retained Tampa counsel and paid to commence probate and obtain the appointment of the personal representative. This circumstance resulted from the inability of Tucker's sister to bear the costs, the estate having no assets other than his lawsuit.
In dismissing the action, the trial court relied on two cases. Canter v. Hyman, 363 So.2d 29 (Fla. 3d DCA 1978) and King v. Tyree's of Tampa, Inc., 315 So.2d 538 (Fla. 2d DCA 1975). In upholding dismissal, both of these cases rely in part on the fact that no difficulty was shown in obtaining the appointment of a personal representative. That is not the case here. Furthermore, King acknowledges that relief is appropriate under Florida Rule of Civil Procedure 1.540(b)(1) when there has in fact been excusable neglect. In a case factually similar to this case, the Third District declined to apply its holding in Canter and noted that Florida Rule of Civil Procedure 1.260 has been liberally interpreted to permit substitution beyond the ninety-day time period. See Pearl v. Kelly, 442 So.2d 1012 (Fla. 3d DCA 1983).
The courts of this state have a long-standing tradition in favor of the disposition of an action on its merits. North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962); Somero v. Hendry General Hospital, 467 So.2d 1103 (Fla. 4th DCA 1985). The purpose of a default judgment is to speed the litigation to conclusion and to prevent a dilatory defendant from impeding the plaintiff's claim. Nonetheless, all doubt should be resolved in favor of allowing trial upon the merits. Jackson v. Jackson, 542 So.2d 481 (Fla. 2d DCA 1989). In that the statute of limitations barred the re-filing of Tucker's action, his circumstance is akin to having suffered a default. We find no reason to apply a stricter standard to vacating dismissals pursuant to Florida Rules of Civil Procedure 1.260 than that which is applied in the case of defaults. See Stroh v. Dudley, 476 So.2d 230 (Fla. 4th DCA 1985).
We hold, therefore, that appellant has made a sufficient showing of excusable neglect so as to require the vacating of the order of dismissal.
Reversed and remanded.
LEHAN, A.C.J., and PARKER, J., concur.