814 So.2d 530 (2002)
KASH N' KARRY FOOD STORES, INC., Petitioner,
v.
Queen SMART and Cochrane Smart, Respondents.
No. 2D01-3354.
District Court of Appeal of Florida, Second District.
April 26, 2002.
*531 T.R. Unice, Jr. and Nicole E. Weiss, of Zimmet, Unice, Salzman & Feldman, P.A., Clearwater, for Petitioner.
Michael Gonzalez, Tampa, for Respondent.
FULMER, Judge.
Kash N' Karry Food Stores, Inc. ("Kash N' Karry") seeks certiorari review of the trial court's order that simultaneously granted without prejudice Kash N' Karry's motion to dismiss Queen Smart's complaint for failure to substitute a party and also granted the ore tenus motion to substitute party made on behalf of Ms. Smart. The trial court departed from the essential requirements of law in granting the motion to substitute without a showing of excusable neglect and in failing to grant Kash N' Karry's motion to dismiss with prejudice. We therefore grant the petition and quash the order.
Ms. Smart filed a complaint against Kash N' Karry alleging that on or about March 28, 1997, she suffered bodily injury and other specific damages as a result of a slip and fall on premises owned by Kash N' Karry. On June 16, 2000, Kash N' Karry filed a Suggestion of Death indicating *532 that Ms. Smart died on or before June 14, 2000. A copy of the Suggestion of Death was sent to Ms. Smart's counsel on that same day. No motion for substitution of party was filed on behalf of Ms. Smart within ninety days of the filing of the Suggestion of Death, as required by Florida Rule of Civil Procedure 1.260, and no motion for extension of the time period was filed within the ninety-day period, as permitted by Florida Rule of Civil Procedure 1.090(b).
On May 15, 2001, Kash N' Karry filed a motion to dismiss for failure to substitute party within the time period required by rule 1.260. On May 16, 2001, Ms. Smart's counsel filed a motion for enlargement of time to substitute party, pursuant to rule 1.260(a). The trial court held a hearing on both motions on June 25, 2001. Apparently, at that hearing Ms. Smart's counsel made an ore tenus motion to substitute party. Following the hearing, the trial court entered an order that granted Kash N' Karry's motion to dismiss without prejudice and granted Ms. Smart's counsel's ore tenus motion to substitute party.
Orders effectively denying motions to dismiss for failure to substitute party have been reviewed by common law certiorari. See, e.g., Steinhardt v. Intercondominium Group, Inc., 771 So.2d 614 (Fla. 4th DCA 2000); Nationwide Mut. Fire Ins. Co. v. Holmes, 352 So.2d 1233 (Fla. 4th DCA 1977). In order for this court to grant a certiorari petition seeking to quash a nonfinal order of the trial court, the petitioner must establish a departure from the essential requirements of law, resulting in a material injury for the remainder of the case that cannot be corrected on postjudgment appeal. Stephens v. Geoghegan, 702 So.2d 517, 521 (Fla. 2d DCA 1997) (citing Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646 (Fla. 2d DCA 1995)).
Rule 1.260(a)(1) provides:
If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties.... Unless the motion for substitution is made within 90 days after the death is suggested upon [the] record ... the action shall be dismissed as to the deceased party.
If a party is unable to procure substitution of parties within the ninety-day period, that party may move for an enlargement of time, pursuant to rule 1.090(b), or it may seek relief under Florida Rule of Civil Procedure 1.540(b), on a showing of excusable neglect. See King v. Tyree's of Tampa, Inc., 315 So.2d 538, 539 (Fla. 2d DCA 1975); Nationwide Mut. Fire Ins. Co., 352 So.2d at 1234.
Here, no motion for substitution of party or for enlargement of time was filed prior to the expiration of the ninety-day period. Nor is there any showing in the record of excusable neglect. The only explanation in the record for requesting an extension of time to substitute party is contained in counsel's motion wherein he asserts that "[n]o formal administration of the Plaintiffs estate has occurred thus precluding the appointment of a legal representative and thus a successive party." This representation of counsel without more, however, does not suggest that there was any difficulty in securing appointment of a personal representative that might have caused the delay in filing a motion for substitution. Moreover, no response to Kash N' Karry's petition was filed with this court to suggest that excusable neglect could be established even if counsel for Ms. Smart was given another opportunity to do so.
*533 On this record, we conclude that the trial court departed from the essential requirements of law in allowing the substitution of party and in failing to grant Kash N' Karry's motion with prejudice. Accordingly, we grant the petition, quash the order of the trial court, and remand to the trial court for entry of an order dismissing Queen Smart's action with prejudice.
Petition granted. Remanded with directions.
GREEN and DAVIS, JJ., concur.