WHATLEY, Judge.
This appeal arises from the dismissal of a personal injury action. On August 1, 2001, Lillian E. Pyle brought suit against Crystal Lynn Wilson and Cam-Jo, Inc. for injuries she sustained in an automobile accident. Pyle died during the course of the litigation, and on February 20, 2001, Wilson and Cam-Jo filed a suggestion of death. On May 28, 2002, Wilson and Cam-Jo filed a motion to dismiss with prejudice, arguing that neither a timely motion for substitution of parties nor a motion for extension of time had been filed as required by Florida Rule of Civil Procedure 1.260(a)(1). On May 30, 2002, Pyle’s counsel filed a motion for leave to expand time to substitute party and for substitution of party. After a hearing on the motions, the trial court dismissed the case without prejudice and made the finding that Pyle did not establish excusable neglect under Florida Rule of Civil Procedure 1.540. On appeal, Wilson and Cam-Jo argue that the case should have been dismissed with prejudice. Pyle filed a cross-appeal arguing that the trial court erred in finding that there was no excusable neglect. We affirm.
We conclude that the trial court correctly dismissed the action without prejudice. Florida courts have a longstanding tradition in favor of the disposition of an action on its merits. Tucker v. Firestone Tire & Rubber Co., 552 So.2d 1178, 1179 (Fla. 2d DCA 1989). “The purpose of a default judgment is to speed the litigation to conclusion and to prevent a dilatory defendant from impeding the plaintiffs claim. Nonetheless, all doubt should be resolved in favor of allowing trial upon the merits.” Id.
The courts of this state have consistently held that dismissals pursuant to rule 1.260(a)(1) should be without prejudice. Id.; Stroh v. Dudley, 476 So.2d 230 (Fla. 4th DCA 1985) (holding that rule 1.260(a)(1) does not require mandatory, non-diseretionary dismissal); DeArmas v. Blonstein, 356 So.2d 1339 (Fla. 3d DCA 1978) (concluding that dismissal for failure to timely move to substitute parties pursuant to rule 1.260 should have been without prejudice). Wilson and Cam-Jo argue that this case is identical to Kash N’ Karry Food Stores, Inc. v. Smart, 814 So.2d 530 (Fla. 2d DCA 2002), which held that the dismissal of that action pursuant to rule 1.260(a)(1) should have been with prejudice. We conclude that Kash N’ Karry Food Stores is distinguishable from the instant action because the statute of limitations had run in that case and the dismissal was therefore with prejudice. As the statute of limitations has not run in the *781 instant action, the trial court correctly dismissed it without prejudice.
We affirm the cross-appeal without discussion.
Affirmed.
CASANUEVA and SILBERMAN, JJ„ Concur.