PETERSON, J.
Cynthia Martin appeals the dismissal of her personal injury action against Henry Hacsi, who died after Martin filed her complaint. The attorney of record representing Hacsi before his death initiated the dismissal by filing a motion for enforcement of Florida Rule of Civil Procedure 1.260(a) when Martin failed to move to substitute a party defendant within 90 days after a suggestion of death was filed by the attorney. In ordering the dismissal of the action, the trial court rejected Martin’s attack on the validity of the suggestion of death and her argument that she should be granted an enlargement of time in which to substitute a party defendant based upon excusable neglect. We affirm.
Florida Rule of Civil Procedure 1.260(a)(1) mandates dismissal of an action when, after the death of a party, a motion for substitution is not made within 90 days after the death is suggested on the record:
If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on all parties as provided in rule 1.080 and upon persons not parties in the manner provided for the service of a summons. Unless the motion for substitution is made within 90 days after the death is suggested upon the record by service of a statement of the fact of the death in the manner provided for the service of the motion, the action shall be dismissed as to the deceased party.
(Emphasis added). It is uncontroverted in the instant case that neither a motion for substitution of a party defendant nor a timely motion for enlargement of time to make such a motion was made. In fact, it was only after she received the motion to dismiss that Martin wrote to Hacsi’s attorney asking for the name of the personal representative of Hacsi’s estate. Martin also filed an untimely motion asking for an order substituting an “unknown, unnamed personal representative or administrator” for the decedent. Haesi’s attorney responded that the decedent’s daughter would be appointed in the near future as the personal representative. The record before us does not reflect whether any fiduciary was appointed, although Martin later filed an amended motion naming the decedent’s daughter as the person to be substituted since she “has or will be appointed in the near future as personal representative.... ”
Martin argues that the suggestion of death filed by Hacsi’s attorney was a nullity because it failed to specify a person to be substituted. Florida Rule of Civil Procedure 1.260(a)(1) does not require that a suggestion of death contain anything other than the fact of death. There is no requirement that a suggestion of death contain the name of the person who will be substituted as a party for the decedent. See Vera v. Adeland, 881 So.2d 707, 709 (Fla. 3d DCA 2004) (“The rule does not spell out any specific requirements for the content of the suggestion of death, and we decline to add requirements that are not stated in the rule.”); New Hampshire Ins. Co. v. Kimbrell, 343 So.2d 107, 109 (Fla. 1st DCA 1977) (holding that suggestion of death that did not specify the person available to be substituted was *937 adequate under rule 1.260 to trigger the running of the 90-day period; noting, “Rule 1.260 requires only that a party’s death be ‘suggested upon the record by service of a statement of the fact of the death in the manner provided for the service of the motion....’”); King v. Tyree’s of Tampa, Inc., 315 So.2d 538 (Fla. 2d DCA 1975) (rejecting argument that because the suggestion of death did not specify the name of a person who was eligible to be appointed as successor, the trial court’s dismissal should be reversed). If a party is unable to procure substitution of the proper party within the 90 days, he or she may move for an enlargement of the period under Florida Rule of Civil Procedure 1.090(b). Relief may also be available under Florida Rule of Civil Procedure 1.540(b) on a showing of excusable neglect. E.g., Nationwide Mutual Fire Insurance Co. v. Holmes, 352 So.2d 1233, 1234 (Fla. 4th DCA 1977). As mentioned earlier, neither course of relief was sought by Martin in the instant case.
Alternatively, Martin argues that Haesi’s attorney had no authority to file a motion to dismiss after his client’s death and before any party was substituted for the decedent. This argument was rejected in Scutieri v. Miller, 584 So.2d 15 (Fla. 3d DCA 1991). We further note that if the attorney for a party, who dies during the course of litigation, were not allowed to file a motion to dismiss in the absence of a timely motion for substitution of a party until a party had been substituted, then dismissal could never occur and the rule would be meaningless.
Lastly, Martin argues that the trial court abused its discretion by failing to enlarge the time within which to substitute a party defendant for excusable neglect when there were “obvious difficulties” in obtaining the appointment of a personal representative. The record does not reflect any such difficulties; it reflects only that during the 90-day time frame of rule 1.260(a)(1), Martin did absolutely nothing in the case and made no contact with Hacsi’s attorney. Only after the 90 days had expired and after Hacsi’s attorney had filed the motion to dismiss did Martin inquire as to the identity of the personal representative. Martin did not move for an extension of time until more than five months after the 90-day period had expired, and even when she did finally move, the only fact identified as exhibiting excusable neglect was that she had been under the conception and belief that Hacsi’s attorney would advise her when an estate was opened and who the personal representative was so that she could move to substitute parties per rule 1.260(a)(1), and that she did not believe that she could move to substitute parties until a personal representative had been appointed.
Section 49.071, Florida Statutes, “Sworn statement, unknown parties as defendants,” and section 49.08, Florida Statutes, “Notice of action, form,” provide for constructive service of process on unknown defendants. These statutes allow for suit against unnamed defendants contingent upon a plaintiff making a diligent search and inquiry as to the proper party. Accordingly, the absence of a known personal representative was no excuse for not filing a timely motion to substitute. Martin, however, did not even inquire within the 90 days as to whether a personal representative had been appointed. Inactivity is not excusable neglect. See, e.g., Kash N’ Karry Food Stores, Inc. v. Smart, 814 So.2d 530 (Fla. 2d DCA 2002).
AFFIRMED.
PLEUS, C.J., and ORFINGER, J., concur.