KHOUZAM, Judge.
 

 This appeal arises from a final order of dismissal of a lawsuit for damages resulting from alleged violations of John A. Mims’ statutory rights while he was a resident at Edwinola Retirement Community, an assisted living facility. We reverse.
 

 Mr. Mims, the plaintiff, died during the course of his litigation against the defendants. Mr. Mims’ counsel first served and then filed a motion for substitution of the personal representative of Mr. Mims’ estate as the plaintiff, but the motion was served one hundred and fifteen days after the filing of the suggestion of death. This exceeded the ninety-day period set forth in Florida Rule of Civil Procedure 1.260(a)(1). Plaintiffs counsel presented evidence to the trial court that demonstrated excusable neglect for the untimely filing. Specifically, the evidence established that plaintiffs counsel overlooked the suggestion of death due to a clerical error in counsel’s office and that the appointment of the personal representative of the estate was delayed due to difficulties in locating Mr. Mims’ original last will and testament. Furthermore, the court filings revealed that plaintiffs counsel had actively litigated the lawsuit throughout the proceeding.
 

 The trial court did not consider this evidence establishing excusable neglect and dismissed the complaint without prejudice because the personal representative of the estate had not been substituted within the ninety-day period set forth in rule 1.260(a)(1). At the time the trial court granted the motion and entered the order, the statute of limitations had expired. Mr. Mims’ counsel filed a third amended complaint naming the personal representative of the estate as the plaintiff. The third amended complaint was dismissed with prejudice because the statute of limitations had expired, and this appeal ensued.
 

 Rule 1.260(a)(1) has been liberally interpreted to permit a substitution of parties beyond the ninety-day period set forth in the rule.
 
 See Tucker v. Firestone Tire and Rubber Co.,
 
 552 So.2d
 
 1178,
 
 1179 (Fla. 2d DCA 1989). Furthermore, “[t]he courts of this state have a long-standing tradition in favor of the disposition of an action on its merits.”
 
 Id.
 
 Here, as in
 
 Tucker,
 
 excusable neglect has been demonstrated and this action should proceed on the merits.
 

 Accordingly, we reverse and remand for a vacation of the order of dismissal.
 

 Reversed and remanded.
 

 CASANUEVA, C.J., and KELLY, J., Concur.