# Third District Court of Appeal

## State of Florida

Opinion filed February 14, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2389
Lower Tribunal No. 14-13463
_____

**Jerry Feller,**
Appellant,

vs.

**R.J. Reynolds Tobacco Company, etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Burlington & Rockenbach, P.A., and Bard D. Rockenbach and Nichole J. Segal (West Palm Beach); Schlesinger Law Offices, P.A., and Jonathan R. Gdanski (Fort Lauderdale), for appellant.

King & Spalding LLP, and William L. Durham II and Val Leppert (Atlanta, Georgia), for appellee R.J. Reynolds Tobacco Company; Arnold & Porter Kaye Scholer LLP, and Geoffrey J. Michael (Washington, DC), for appellee Philip Morris USA Inc.

Before ROTHENBERG, C.J., and EMAS and LUCK, JJ.

ROTHENBERG, C.J.

The plaintiff below, Jerry Feller ("Mr. Feller"), who passed away while his Engle-progeny[1] action was pending, appeals the trial court's order: (1) granting with prejudice the motion to dismiss sought by R.J. Reynolds Tobacco Company ("R.J. Reynolds") and Philip Morris USA, Inc. ("Philip Morris") (collectively, "the tobacco companies") based on Mr. Feller's counsel's failure to file a motion for substitution of the proper party within ninety days after Mr. Feller's death was suggested upon the record as required by Florida Rule of Civil Procedure 1.260(a)(1);[2] and (2) denying as moot the second motion for substitution of a party, to change the style of the case, and to amend the complaint ("the second motion for substitution") filed by Mr. Feller's counsel. For the reasons that follow, we conclude that the trial court erred as a matter of law by granting the tobacco companies' motion to dismiss with prejudice as a motion for substitution was

_____

[1] Engle v. Liggett Grp., Inc., 945 So. 2d 1246 (Fla. 2006).
[2] Rule 1.260(a)(1) provides in full as follows:
    **(a) Death.**
    (1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on all parties as provided in rule 1.080 and upon persons not parties in the manner provided for the service of a summons. Unless the motion for substitution is made within 90 days after the death is suggested upon the record by service of a statement of the fact of the death in the manner provided for the service of the motion, the action shall be dismissed as to the deceased party.

2

"made" within ninety days after Mr. Feller's death was suggested upon the record. Further, based on the reversal of the portion of the order granting the motion to dismiss, the motion for substitution is no longer moot, and therefore, we also reverse the portion of the order denying the motion for substitution as moot. Lastly, we remand with directions to enter an order granting the second motion for substitution as the motion seeks to substitute a proper party—the administrator ad litem of Mr. Feller's estate. See Metcalfe v. Lee, 952 So. 2d 624, 630 (Fla. 4th DCA 2007) (stating that "where a personal representative has been appointed, he or she is most certainly a proper party" under rule 1.260(a)(1)).

## I. FACTS AND PROCEDURAL HISTORY

Mr. Feller filed an Engle-progeny case against the tobacco companies. On April 30, 2015, while the case was pending, Mr. Feller died, and his counsel notified the tobacco companies of the death. An email dated May 4, 2015, reflects that the parties acknowledged that a suggestion of death had not been filed and agreed that the depositions of Mr. Feller's son and wife, Linda Seltzer, would be rescheduled following the appointment of the personal representative of Mr. Feller's estate.

On April 5, 2016, almost a year following Mr. Feller's death, the trial court issued a notice of lack of prosecution and set a hearing. In response, on April 8, 2016, Mr. Feller's counsel filed a "Notice of Record Activity," which states, in

3

part, as follows:

> . . . . On April 30, 2015, the smoking Plaintiff Mr. Feller passed away and as a result the Court vacated the trial order. The process of opening Mr. Feller's estate has been initiated but objections have been filed which complicated and slowed the process. Plaintiff files this notice of record activity to demonstrate to the Court that this case should not be dismissed for failure to put forth sufficient record activity. Plaintiff anticipates amending the complaint to substitute the Estate of Mr. Feller as the proper Plaintiff and thereafter proceeding to try this case.

Following the hearing on the notice of lack of prosecution, the trial court ordered that Mr. Feller's case remain pending.

On April 15, 2016, Mr. Feller's wife, Linda Seltzer, as proposed personal representative of Mr. Feller's estate, by and through Mr. Feller's counsel, filed a motion to substitute a party, to change the style of the case, and to amend the complaint ("initial motion for substitution"). At the May 9, 2016 hearing on the initial motion for substitution, the parties acknowledged that Mr. Feller's widow had not yet been appointed as the personal representative of her husband's estate because objections to her appointment were filed by Mr. Feller's adult children. The trial court ruled that, because Mr. Feller's wife had not yet been appointed, the initial motion for substitution was "futile," and therefore, it denied the motion without prejudice.

More than three months later, on July 28, 2016, the Palm Beach County probate court appointed Jami Huber, Esq. ("Ms. Huber") as the administrator ad

4

litem of Mr. Feller's estate. On August 11, 2016, Ms. Huber, as the personal representative of Mr. Feller's estate, filed the second motion for substitution.

The tobacco companies opposed the second motion for substitution, arguing that the ninety-day period set forth in rule 1.260(a)(1) was triggered on April 8, 2016, when Mr. Feller's counsel filed the notice of record activity, which included "a statement of the fact" of Mr. Feller's death. Thus, the tobacco companies argued that because the second motion for substitution, which was filed on August 11, 2016, was not filed within ninety days of the notice of record activity, Mr. Feller's case should be dismissed as no excusable neglect can be shown for failing to file a timely motion for substitution. Mr. Feller's counsel, however, contended that the notice of record activity did not constitute a suggestion of death upon the record, and therefore, the ninety-day period set forth in rule 1.260(a)(1) had not been triggered.

Following a hearing, the trial court dismissed Mr. Feller's action with prejudice pursuant to rule 1.260 and denied as moot Mr. Feller's counsel's second motion for substitution. Mr. Feller's appeal followed.

## II. ANALYSIS

We review the trial court's order granting the tobacco companies' motion to dismiss de novo. See Northrop Grumman Sys. Corp. v. Britt, 226 So. 3d 1059, 1064 (Fla. 3d DCA 2017) (holding that the defendant's argument that a motion for

5

substitution following the plaintiff's death was untimely "involves the application of Florida Rule of Civil Procedure 1.260(a)(1), presents a pure question of law, and is thus reviewed de novo"); Metcalfe, 952 So. 2d at 626 (holding that the dismissal of a complaint pursuant to Florida Rule of Civil Procedure 1.260 is reviewed de novo).

## A. *Whether the ninety-day period set forth in rule 1.260(a)(1) was triggered*

In addressing whether the trial court erred by granting the tobacco companies' motion to dismiss, we first address whether the ninety-day period set forth in rule 1.260(a)(1) was triggered. As this Court recently explained in Northrop Grumman:

> The "statement of the fact of the death" must be both (a) filed with the clerk of court for docketing to make it part of the official record in the case, and (b) "served" pursuant to Florida Rule of Judicial Administration 2.516(d), which in turn includes the requirement for the document to be "filed with the court."

Northrop Grumman, 226 So. 3d at 1064-65 (footnote omitted).

In the instant case, the trial court concluded that Mr. Feller's counsel's notice of record activity, which was both served on the tobacco companies and filed with the clerk of the court on April 8, 2016, constitutes a suggestion of death upon the record because it contained a "statement of the fact of the death" of Mr. Feller, thereby triggering the ninety-day period set forth in rule 1.260(a)(1). Mr. Feller's counsel, however, argues that the notice of record activity did not

6

constitute a sufficient and "formal" suggestion of death upon the record because the notice of record activity was filed merely to explain to the trial court why Mr. Feller's action should not be dismissed for lack of prosecution.

We, however, need not determine whether the notice of record activity filed by Mr. Feller's counsel constituted a suggestion of death because we find the initial motion for substitution filed by Mr. Feller's counsel, which was served on the tobacco companies and filed with the clerk of the court one week later on April 15, 2016, clearly qualifies as a suggestion of death upon the record, thereby triggering the ninety-day period.[3]  See Northrop Grumman, 226 So. 3d at 1065 (holding that the ninety-day period set forth in rule 1.260(a)(1) was commenced on the date a motion for substitution, which included a statement of the fact of a party's death,  was served on the parties and filed with the clerk of the court).

We reject Mr. Feller's counsel's argument that the April 15, 2016 motion for substitution did not trigger the ninety-day period set forth in rule 1.260(a)(1) because it was not formally styled as a "suggestion of death."  As we have previously held, "[t]he rule does not spell out any specific requirements for the content of the suggestion of death, and we decline to add requirements that are not stated in the rule." Vera v. Adeland, 881 So. 2d 707, 709 (Fla. 3d DCA 2004).  All

---

[3] The seven-day difference between the serving of the notice of record activity and the serving of the initial motion for substitution does not affect this Court's analysis.

that is required is that the notice contain sufficient information necessary for any other party to move for substitution. Id. at 709-10; see also Martin v. Hacsi, 909 So. 2d 935, 936 (Fla. 5th DCA 2005) (holding that the suggestion of death need not contain anything other than the fact of death).

The April 15, 2016 motion for substitution satisfied the suggestion of death requirement of rule 1.260(a)(1) because it was specifically filed pursuant to rule 1.260(a)(1) and stated that the plaintiff, Jerry Feller, had died on April 30, 2015, and as a result, Linda Seltzer, Mr. Feller's wife, was seeking to be appointed as the personal representative of Mr. Feller's estate and to be substituted as the plaintiff in the lawsuit against the tobacco companies.

We, therefore, conclude that the ninety-day period set forth in rule 1.260(a)(1) was triggered on April 15, 2016, and thus, the ninety-day period ended on July 14, 2016.

B. *Whether the ninety-day period was extinguished by the filing of the initial motion for substitution*

Next, we address the trial court's dismissal of the plaintiff's action, which was based on the trial court's determination that a sufficient motion for substitution was not filed within the ninety-day period. As stated above, the ninety-day period ended on July 14, 2016. In the instant case, two separate motions for substitution were served and filed by Mr. Feller's counsel: (1) the initial motion for substitution on April 15, 2016, which was within the ninety-day period, and (2) the

second motion for substitution on August 11, 2016, which was outside of the ninety-day period. Thus, our focus is on the initial motion for substitution.

Rule 1.260(a)(1) provides as follows:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on all parties as provided in rule 1.080 and upon persons not parties in the manner provided for the service of a summons. Unless the motion for substitution is made within 90 days after the death is suggested upon the record by service of a statement of the fact of the death in the manner provided for the service of the motion, the action shall be dismissed as to the deceased party.

There is no dispute that Mr. Feller's counsel timely filed a motion for substitution. The tobacco companies, however, argue that, because the motion for substitution sought to substitute Mr. Feller's wife, Ms. Seltzer, and Ms. Seltzer had not been appointed as the personal representative of the estate and was not subsequently appointed, Ms. Seltzer was not a "proper party," and because she was not a "proper party," the initial motion for substitution filed within the ninety-day period did not satisfy the requirements of rule 1.260(a)(1), thus requiring dismissal of Mr. Feller's lawsuit against the tobacco companies. The rule, however, does not require that the motion for substitution be made by the "proper party" to be substituted in order to satisfy the requirement that a motion for substitution be made within ninety days after the death is suggested upon the record. Rather, it only requires that a motion for substitution be "made" within ninety days by "any

9

party or by the successors or representatives of the deceased party." See Metcalfe, 952 So. 2d at 628-29.

In Metcalfe, Barbara Metcalfe had filed a medical malpractice action against Dr. Lee and Dr. Pinsky. Id. at 626. Following Ms. Metcalfe's death, Dr. Lee's counsel filed and served a suggestion of death on Ms. Metcalfe's counsel on May 9, 2005, and therefore, the ninety-day period for filing a motion for substitution under rule 1.260(a)(1) expired on August 8, 2005. Id. On June 30, 2005, Ms. Metcalfe's counsel served a motion for substitution, indicating that Ms. Metcalfe's estate was "currently being set up" and the estate was seeking to appoint Ms. Metcalfe's son as the estate's personal representative, and counsel was requesting that Ms. Metcalfe's son, as personal representative of Ms. Metcalfe's estate, be substituted as the plaintiff in the malpractice action. On August 10, 2005, Dr. Pinsky, who was later joined by Dr. Lee, moved to dismiss Ms. Metcalfe's malpractice action, asserting that the ninety-day period for substitution had expired on August 8, 2005, and because Ms. Metcalfe had failed to substitute the personal representative prior to the expiration of the ninety-day period, the malpractice action must be dismissed. Id. at 626-27.

The trial court agreed with the defendant doctors and thereafter entered an order denying the motion for substitution and granting the doctors' motion to dismiss, finding that because no personal representative had yet been appointed,

the motion for substitution "was not filed by a party with appropriate standing to bring such a motion within 90 days from the date." Id. at 627. Additionally, the trial court found that, although Ms. Metcalfe moved ore tenus for an extension of time at the August 22, 2005 hearing, because she had not moved for an extension of time to accomplish the appointment of a personal representative prior to the hearing and because her failure to do so did not constitute excusable neglect, dismissal of the malpractice lawsuit was required. Id.

On appeal, the Fourth District, when addressing a motion for substitution under rule 1.260(a)(1), held that substitution "may be made by *any party* or by the *successors* or *representatives* of the deceased party." Id. at 628 (quoting rule 1.260(a)(1)). "A plain reading of the rule reveals that nowhere does it state that the motion for substitution must be made by the appointed personal representative." Id. at 628.

More importantly, the Fourth District agreed with the Fifth District Court of Appeal's decision in Eusepi v. Magruder Eye Institute, 937 So. 2d 795, 798 (Fla. 5th DCA 2006), which held that the language of rule 1.260 "is clear about what can authorize dismissal under the rule: failure to make the motion for substitution within ninety days." Thus, The Fourth District concluded that because the motion for substitution was timely "made," dismissal of the action was inappropriate. Id. at 629-30. The Fourth District noted that "[o]nce the motion [for substitution] and

11

notice of hearing are timely made, the ninety-day expiration period **is extinguished**, and it is then up to the trial court to decide whether there is a proper party to be substituted during the mandated hearing on the motion." Metcalfe, 952 So. 2d at 630 (emphasis added). The Fourth District further clarified as follows:

> We note that if a plaintiff attempts to substitute an improper party, then a court can deny the motion for substitution. Or, if the motion is granted and it is later discovered that an improper party has been substituted, that party may be dropped upon the motion of a party or by order of the court on its own initiative. See Fla. R. Civ. P. 1.250(b), 1.420(a)(2). Under both scenarios, however, the action would abate until the party's estate, or other appropriate legal representative, has been substituted. See Cope v. Waugh, 627 So. 2d 136, 136 (Fla. 1st DCA 1993) ("Upon the death of an indispensable party, the action abates until the deceased party's estate, or other appropriate representative, has been substituted pursuant to rule 1.260(a)(1)."). **However, as we already stated, once a party, successor, or representative of the deceased files or serves the motion [for substitution] along with the corresponding notice of hearing within the required ninety-day time period, dismissal is no longer the appropriate remedy pursuant to rule 1.260**.

Id. at 629 n.2 (emphasis added).

As in Metcalfe, we conclude that, because the initial motion for substitution in the instant case was "made" within ninety days after the death of Mr. Feller was suggested upon the record, the ninety-day expiration period was "extinguished." Thus, **dismissal** of the action was no longer appropriate under rule 1.260(a)(1). Accordingly, we reverse the trial court's order dismissing Mr. Feller's action against the tobacco companies.

Based on the reversal of the order dismissing Mr. Feller's action, the second

12

motion for substitution is not moot and, therefore, we also reverse the denial of the second motion for substitution.  Upon remand, we direct the trial court to enter an order granting the second motion for substitution as the motion seeks to substitute a proper party—the administrator ad litem of Mr. Feller's estate.

### III.  CONCLUSION

Based on the above analysis, we conclude that:  (1) Mr. Feller's death was suggested upon the record, thus triggering the ninety-day period set forth in rule 1.260(a)(1), and (2) because the initial motion for substitution was "made" within ninety days after Mr. Feller's death was suggested upon the record, the ninety-day expiration period was extinguished.  Thus, as a matter of law, the trial court erred by granting the tobacco companies' motion to dismiss because dismissal was no longer an option under rule 1.260(a)(1).  Accordingly, we reverse the order under review and remand to the trial court with directions to enter an order granting the second motion for substitution.

As we have concluded that the trial court erred by granting the tobacco companies' motion to dismiss, we need not address the remaining arguments raised by Mr. Feller.

Reversed and remanded with directions.