# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2024-1315
LT Case No. 2021-CA-002344

———————————————

SANELA HAMZA and JASMIN
JELEC, Parents and Natural
Guardians of A.J., L.J., and S.J.,
Children,

    Appellants,

    v.

LINDA MCLEMORE,

    Appellee.

———————————————

On appeal from the Circuit Court for Duval County.
Katie L. Dearing, Judge.

Sanela Hamza and Jasmin Jelec, Jacksonville, pro se.

Warren B. Kwavnick, of The Law Office of Warren B. Kwavnick,
PLLC, Pembroke Pines, for Appellee.


April 17, 2025


SOUD, J.

Appellants Sanela Hamza and Jasmin Jelec appeal the dismissal of their automobile negligence case after their failure to timely substitute a party for the defendant below, Linda

McLemore, following her death. We have jurisdiction. *See* Art. V, § 4(b), Fla. Const.; Fla. R. App. P. 9.030(b)(1)(A). We affirm, as the plain and mandatory language of Florida Rule of Civil Procedure 1.260(a) requires dismissal.

I.

Appellants filed their complaint against McLemore in April 2021 for damages they contend were sustained in a November 2019 car accident in Jacksonville, Florida. Thereafter, their counsel was permitted to withdraw from representation in November 2022. After failing to retain new counsel, Appellants proceeded pro se.

On September 28, 2023, counsel for McLemore filed and served Defendant's Suggestion of Death, advising that McLemore had died and identifying Carol Smith as a survivor. Then, on October 11, 2023, McLemore's counsel emailed Appellant Jelec (receipt of which is confirmed) that an estate had been set up, but no personal representative was appointed because Carol Smith waived her right to serve as the personal representative. Appellant Jelec was further told he was "free to appoint a personal representative of [his] choosing" and "substitute in Ms. McLemore's estate into this lawsuit" as appropriate.

Appellants did not take any action seeking appointment of a personal representative or filing a motion for substitution of McLemore as a party. Therefore, on December 28, 2023, the ninety-first day after filing the suggestion of death, counsel for the deceased McLemore filed Defendant's Motion to Dismiss for Failure to Substitute Party, citing Florida Rule of Civil Procedure 1.260.

Ultimately, while expressing that it was "sympathetic to the challenges encountered by" Appellants as pro se litigants, and citing the trial court's previous admonitions to Appellants that even though they were pro se, they were required to govern themselves in accordance with "the same evidentiary standards and rules of procedure" just as if represented by counsel, the trial court granted the motion, dismissed the case, and directed the clerk of court to close the court's file. This appeal followed.

2

## II.

We review de novo the trial court's dismissal under Rule 1.260. *See Feller v. R.J. Reynolds Tobacco Co.*, 240 So. 3d 61, 64 (Fla. 3d DCA 2018) (citing *Northop Grumman Sys. Corp. v. Britt*, 226 So. 3d 1059, 1064 (Fla. 3d DCA 2017); *Metcalfe v. Lee*, 952 So. 2d 624, 626 (Fla. 4th DCA 2007)).

Florida Rule of Civil Procedure 1.260(a)(1) governs proceedings when a party dies and the underlying claim is not extinguished. Following such a death, "[u]nless the motion for substitution is made within 90 days after a statement noting the death is filed and served on all parties as provided in Rule of General Practice and Judicial Administration 2.516, the action *shall be dismissed* as to the deceased party." *See* Fla. R. Civ. P. 1.260(a)(1) (emphasis added). Thus, the rule expressly contemplates the filing and service on all parties of "a statement noting the death." *See id.*; *see also Feller*, 240 So. 3d at 64 (quoting *Northrop Grumman Sys. Corp.*, 226 So. 3d at 1064–65). Within 90 days thereafter, a motion for substitution of a party must be *both* filed with the court and served upon all parties to the cause. *See* Fla. R. Civ. P. 1.260(a)(1). If such a motion is not made, the "action shall be dismissed as to the deceased party." *See id.*[1]

Here, the suggestion of McLemore's death was filed and served by counsel on September 28, 2023. Appellants did not file a motion to substitute a party in her place within the 90 days required by Rule 1.260(a)(1). And after the rule's 90-day window had closed, McLemore's counsel sought dismissal of the case, as McLemore was the lone named defendant. Simply stated, because Appellants failed to file the motion to substitute party within 90 days, the rule mandated dismissal of the action.

---

[1] Our Court has recognized that a party seeking to substitute a deceased party may seek either an enlargement of the 90-day time period pursuant to Rule 1.090(b) or relief under Rule 1.540(b) upon a showing of excusable neglect. *See Martin v. Hacsi*, 909 So. 2d 935, 937 (Fla. 5th DCA 2005). Appellants sought no such relief under either rule.

3

That Appellants were representing themselves below in no way relaxes the clear requirements of the rule.[2] "In Florida, *pro se* litigants are bound by the same rules that apply to counsel." *Stueber v. Gallagher*, 812 So. 2d 454, 457 (Fla. 5th DCA 2002); *see also Balch v. HSBC Bank, USA, N.A.*, 128 So. 3d 179, 182 (Fla. 5th DCA 2013) (citing *Stueber*, 812 So. 2d at 457); *Romero v. Midland Funding, LLC*, 358 So. 3d 806, 809 n.1 (Fla. 3d DCA 2023) ("While we recognize that Romero is pro se, pro se parties are [still] obligated to abide by the appellate rules." (alteration in original) (internal quotation marks omitted)).

Broadly speaking, the Florida Rules of Civil Procedure are promulgated by the Florida Supreme Court to guide and ensure the orderly and timely resolution of disputes pending in our trial courts in a manner to protect the integrity of the proceedings and arrive at a just and lawful determination of cases. *See* Fla. R. Civ. P. 1.010. To that end, all parties before a court—whether represented by counsel or representing themselves pro se—must fulfill the obligations imposed by the rules of procedure, just as they are afforded the protections provided by the rules. And because Appellants before us did not comply with Rule 1.260(a)(1), the rule itself provides only one remedy—dismissal of the action.

III.

Appellants Sanela Hamza and Jasmin Jelec failed to timely move to substitute a party defendant after Linda McLemore's death. As a result, the plain language of Rule 1.260(a)(1) mandates dismissal. Therefore, the trial court's order dismissing this case is AFFIRMED.

---

[2] The trial court in its written order harkened back to its prior warning to Appellants that they would be bound by the rules of procedure, just as if they were represented by counsel. According to the trial court's order, the presiding judge advised Appellants that they must learn the rules of procedure, pointing specifically to the subject Suggestion of Death and the requirement to move to substitute in a proper party, the time for which was quickly passing.

4

It is so ordered.

WALLIS and JAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____