343 So.2d 107 (1977)
NEW HAMPSHIRE INSURANCE COMPANY, Petitioner,
v.
Jimmie S. KIMBRELL, As Administrator of the Estate of Lori Ann Kimbrell, Deceased, and for the Use and Benefit of Jimmie S. Kimbrell, and Ann M. Kimbrell, Natural Parents of Lori Ann Kimbrell, Deceased, Respondent.
No. BB-373.
District Court of Appeal of Florida, First District.
March 11, 1977.
Benjamin W. Redding of Barron, Redding, Boggs & Hughes, Panama City, for petitioner.
Richard H. Powell of Estergren, Fortune, Anchors & Powell, Harry E. Barr, Fort Walton Beach, for respondent.
*108 ERVIN, Judge.
Petition for writ of certiorari is sought as to the trial court's interlocutory order rendered March 5, 1976, denying the defendant's motion to dismiss.
An action for wrongful death allegedly due to the negligence of the defendant, John C. Jackson, was filed on June 13, 1975. Defendant Jackson was insured by New Hampshire Insurance Company, also named as a party defendant. On July 3, defense counsel served on the plaintiffs a motion for extension of time to responsively plead. This was not objected to. Before an answer was filed, the defendant Jackson died on September 16, 1975. On October 6, under Fla.R.Civ.P. 1.260, New Hampshire filed a Suggestion of Death of the defendant Jackson.
The copy of the Suggestion of Death sent to opposing counsel on that same day included the certificate of service which stated that a copy of the suggestion was sent by mail on "September 6, 1975." This date was a typographical error and should have read "October 6, 1975." The suggestion is in other respects correct and was admittedly received by the opposing counsel.
Answer was thereafter filed by New Hampshire. The plaintiffs, rather than seeking a substitution of party for the deceased defendant, mailed a demand for notice and a "Caveat by Creditor" to the circuit court clerk.
On January 16, 1976, petitioner New Hampshire filed its motion to dismiss under Fla.R.Civ.P. 1.260, which reads in part:
"(a)(1) ... Unless the motion for substitution is made within 90 days after the death is suggested upon the record by service of a statement of the fact of the death in the manner provided for the service of the motion, the action shall be dismissed as to the deceased party."
New Hampshire argued that no substitution of the proper party had been made by any party within 90 days following service of the Suggestion of Death filed October 6, 1975. Plaintiffs responded by filing a "Motion to Appoint the Administrator Ad Litem and to Enlarge Time for Substitution of Parties."
The trial court's order on the two motions is as follows:
"This cause having come on for hearing on motion of defendant, NEW HAMPSHIRE INSURANCE COMPANY, to dismiss and plaintiff's motion to appoint an administrator ad litem and to enlarge time for substitution of parties and the court having found and determined upon the evidence presented and the arguments of counsel that the provisions of Rule 1.260 of the Florida Rules of Civil Procedure, which the defendant seeks to invoke, are technical provisions which require strict construction and that all ambiguities and all questions of compliance be construed most strictly against the movant, and that the instrument entitled `Suggestion of Death' filed by the defendant, NEW HAMPSHIRE INSURANCE COMPANY, seeks to suggest a death on a date subsequent to the date of certificate of service of mailing to the attorney of record for the plaintiff, that being the significant date and not the date which it was forwarded to the Clerk's office for filing; it is therefore
ORDERED AND ADJUDGED:
1. The instrument labeled a Suggestion of Death is a nullity and of no force and effect; consequently, defendant's motion is denied.
2. Without ruling on the question of whether or not there was excusable neglect or whether or not plaintiff is entitled to an enlargement of time pursuant to Rule 1.090, plaintiff's motion for enlargement of time is denied, now being moot."
We have jurisdiction of this interlocutory appeal although the trial court's order is not one specifically reviewable under Fla. App. Rule 4.2. Nevertheless in the exercise of our discretion we treat this petition for interlocutory review as a petition for common law certiorari. The trial court's failure to dismiss the action, if erroneous, constitutes a departure from the essential requirements of law and will cause material *109 injury to the petitioner throughout the remainder of the proceedings for which there will be no adequate remedy by appeal after judgment. Beta Eta House Corporation v. Gregory, 230 So.2d 495 (Fla. 1st DCA 1970).
As to the merits we hold that the trial court was incorrect in declaring the Suggestion of Death a nullity. Rule 1.260 requires only that a party's death be "suggested upon the record by service of a statement of the fact of the death in the manner provided for the service of the motion... ." Rule 1.080(b) explains how service is accomplished:
"... Service on the attorney or party shall be made by delivering a copy to him or by mailing it to him at his last known address or, if no address is known, by leaving it with the clerk of the court. Delivery of a copy within this rule shall mean (1) handing it to the attorney or to the party or (2) leaving it at his office with his clerk or other person in charge thereof or (3) if there is no one in charge, leaving it in a conspicuous place therein or (4) if the office is closed or the person to be served has no office, leaving it at his usual place of abode with some person of his family above fifteen years of age and informing such person of the contents. Service by mail shall be complete upon mailing." (Emphasis supplied)
It is clear that the plaintiffs were served with notice of the death of the alleged tortfeasor, and were in fact aware of such death. Indeed, the plaintiffs took steps to perfect their claim against the decedent's estate. They did not, however, make any timely attempt to substitute the proper party in the present litigation as required by Rule 1.260.
It remains for the trial court to determine whether the plaintiffs' failure to substitute the proper party should be excused for any reason. It should be noted that Rule 1.260 is practically identical to Rule 25 of the Federal Rules of Civil Procedure. Rule 25, until its amendment effective July 1, 1963, originally allowed a trial court within two years after the death of a party to order substitution of the proper parties. The Florida Rule, prior to its amendment in 1966, also had the two year limitation. We believe the same liberal construction should be accorded to amended Rule 1.260 as has been given Rule 25 by the federal courts:
"The amendment to Rule 25(a)(1) was intended to dispel unwarranted rigidity and allow more flexibility in substitution. `It was intended that liberal effect be given to the 1963 amendment.' Roscoe v. Roscoe, 126 U.S.App.D.C. 317, 322, 379 F.2d 94, 99 (1967). `[T]he 90 day period was not intended to act as a bar to otherwise meritorious actions.' Staggers v. Otto Gerdau Co., 359 F.2d 292, 296 (2d Cir.1966)." Rende v. Kay, 134 U.S.App. D.C. 403, 415 F.2d 983, 986 (1969).
In Rende, the court held that a suggestion of death does not trigger the running of the 90 day period unless it specifies the person available to be substituted. In Rende, as in the case below, it was the defendant who filed the suggestion and also sought the dismissal. There the plaintiff's counsel, upon returning to practice following an injury, learned of a motion to dismiss which had been filed due to his failure to file motion for substitution within 90 days after death was suggested. He argued successfully on appeal that since the suggestion of death did not list the name of the proper party it was defective.
The Second District Court of Appeal in King v. Tyree's of Tampa, Inc., 315 So.2d 538 (Fla. 2nd DCA 1975) declined to follow the Rende holding, stating that to do so would require it "to engraft an exception to R.C.P. 1.260." Id. at 540. The court continued, however, that Fla.R.Civ.P. 1.540(b)(1) furnished a basis for a party to seek relief from the effect of a judgment upon a demonstration of excusable neglect. Accordingly it affirmed the dismissal of the appellant's suit by reason of his failure to follow the time limitations set forth by Rule 1.260, without prejudice to his right to proceed under Rule 1.540.
It should not be forgotten that the attorney for the Kimbrells sought an enlargement *110 of time pursuant to Fla.R.Civ.P. 1.090(b), but the appropriateness of such action was not ruled upon by the trial court. Rule 1.090(b) also permits a party to seek relief on the ground of excusable neglect. The author's comment to amended Rule 1.260 states, inter alia:
"After amendment, substitution was to be made within 90 days after the death was suggested upon the record, but the time could be extended by the court under Rule 1.090(b) if the request for enlargement of time was made within the 90 days or as extended by previous order, or beyond the 90 day period, upon motion establishing excusable neglect." (Emphasis added.) 30 Fla. Stat. Ann. 368 (1967).
In determining whether the Kimbrells can establish excusable neglect by failing to file a motion for substitution within the 90 day period, the court may wish to consider, but should not be limited by, the following questions: (1) Whether New Hampshire in filing an answer could have misled the Kimbrells into proceeding against the parties originally named? (2) Whether, since as it appears from the record, the deceased died intestate, could some unusual delay have been encountered in obtaining appointment of a personal representative? (3) What difficulties, if any may have been thrust upon the Kimbrells in attempting to locate a successor or representative of the decedent's estate since the suggestion failed to name a successor or representative?
We remand for the trial court's consideration of any excusable neglect which may be shown under Fla.R.Civ.P. 1.090(b).
RAWLS, Acting C.J., and SMITH, J., concur.