901 So.2d 965 (2005)
The ESTATE OF Miriam MORALES, by and through Robert T. MORALES, as Personal Representative, Appellant,
v.
IASIS HEALTHCARE CORPORATION, d/b/a Palms of Pasadena Hospital; Tenet Healthsystem Hospitals, Inc., d/b/a Palms of Pasadena Hospital; Palms of Pasadena Hospital; and Iasis Healthcare Holdings, Inc., Appellees.
No. 2D04-1740.
District Court of Appeal of Florida, Second District.
May 11, 2005.
George A. Vaka and Nancy A. Lauten of Vaka, Larson & Johnson, P.L., Tampa; and Edward J. Lyons of Milcowitz & Lyons, P.A., Clearwater, for Appellant.
Thomas Saieva of Saieva, Rousselle & Stine, P.A., Tampa, for Appellees.
STRINGER, Judge.
The Estate of Miriam Morales, by and through Robert T. Morales, as personal representative ("the Estate"), seeks review *966 of the trial court's order dismissing its medical malpractice action for failure to timely substitute a new personal representative following the death of the original personal representative.[1] The Estate argues that the time limit for moving to substitute parties under Florida Rule of Civil Procedure 1.260 does not apply when the personal representative of an estate dies. We agree and reverse.
Rule 1.260 provides, in pertinent part:
(a) Death.
(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on all parties as provided in rule 1.080 and upon persons not parties in the manner provided for the service of a summons. Unless the motion for substitution is made within 90 days after the death is suggested upon record by service of a statement of the fact of the death in the manner provided for the service of the motion, the action shall be dismissed as to the deceased party.
The rule includes mandatory language that requires the motion for substitution to be made within the stated time parameters. The purpose of the rule is to ensure that the affairs of deceased persons are promptly and efficiently terminated and that the rights of persons having lawful claims against the estate are preserved within the expressed limitations. Davis v. Evans, 132 So.2d 476, 480 (Fla. 1st DCA 1961).
In this case, Joseph Morales, as personal representative of the Estate, was substituted as plaintiff by consent upon the death of Miriam Morales. Thereafter, Joseph Morales died and the successor personal representative, Robert T. Morales, did not file a motion for substitution within ninety days of the suggestion of death. The trial court subsequently dismissed the case pursuant to rule 1.260. The court's dismissal was erroneous because rule 1.260 does not apply when a personal representative of an estate dies.
In cases involving claims made by or against an estate, there are two parties: the estate and the personal representative. However, the estate and its survivors are the real parties in interest, and the personal representative is merely a nominal party. DeVaughn v. DeVaughn, 840 So.2d 1128, 1132 (Fla. 5th DCA 2003); Fla. Emergency Physicians-Kang & Assocs., M.D., P.A. v. Parker, 800 So.2d 631, 633 (Fla. 5th DCA 2001). Accordingly, dismissal as to the personal representative under rule 1.260 would not accomplish dismissal of the case; the personal representative may die, but the estate does not.
Furthermore, the purpose of the rule is not furthered when applied to a personal representative because the estate has already been opened. The appropriate mechanism for handling the affairs of the decedent is already in place, and the affairs of the decedent are being processed under the supervision of the probate court. In fact, the timely appointment of a successor personal representative is ensured by section 733.307, Florida Statutes (2002), which requires the court to appoint a successor personal representative "[o]n the death of a sole or surviving personal representative."
Accordingly, we reverse the trial court's order dismissing this case for failure to *967 timely substitute a successor personal representative pursuant to rule 1.260 and remand for further proceedings in the Estate's medical malpractice action.
Reversed and remanded.
WHATLEY and SALCINES, JJ., Concur.
NOTES
[1] Miriam Morales' cause of action for medical malpractice survived her death because her death was not a result of the medical malpractice. See §§ 46.021, 768.20, Fla. Stat. (2002); Niemi v. Brown & Williamson Tobacco Corp., 862 So.2d 31, 34 (Fla. 2d DCA 2003).