937 So.2d 795 (2006)
Joyce EUSEPI, etc., et al., Appellant,
v.
MAGRUDER EYE INSTITUTE, et al., Appellee.
No. 5D05-3182.
District Court of Appeal of Florida, Fifth District.
September 15, 2006.
*796 Ricardo L. Carmona, of Ricardo L. Carmona, P.A., Coral Gables, for Appellant.
Vance R. Dawson, and Laura B. Floyd, of Rissman, Weisberg, Barrett, Hurt, Donahue McLain, P.A., Orlando, for Appellee.
GRIFFIN, J.
Joyce Eusepi ["Eusepi"], individually and as personal representative of the estate of her husband, Amerigo ["Amerigo"], appeals the dismissal of her complaint under Florida Rule of Civil Procedure 1.260(1). We reverse.
On March 7, 2001, sixty-three-year-old Amerigo underwent eye surgery at Florida Hospital. The surgery was performed by a surgeon from the Magruder Eye Institute ["Magruder"]. Amerigo was discharged the day of the operation, but his right eye was swollen and painful by March 9, 2001. A telephone call made that day to the physician on call at Magruder was not returned. However, on March 10, 2001, Amerigo's daughter called Magruder and spoke with Dr. Michael E. Pohlod, M.D. ["Dr. Pohlod"]. He assured her that her father's condition was normal, and he could wait to be seen at his regularly scheduled appointment two days later. Amerigo appeared at his regularly scheduled appointment on Monday, March 12, 2001. There he was diagnosed with traumatic endopthalmitis of the eye, a condition which resulted in a permanent and near complete loss of vision.
On December 12, 2002, Amerigo filed a medical negligence suit against Magruder and Dr. Pohlod. However, Amerigo died of lung cancer on February 4, 2005, before the case could be tried.
On February 28, 2005, his widow, Joyce, filed a suggestion of death, and asked for entry of an order "allowing Plaintiff to amend the Complaint to modify the cause of action to be brought as a survival action on behalf [sic] the Estate of Amerigo Eusepi by his wife, Joyce Eusepi, who will be appointed Personal Representative." In addition, on March 4, 2005, Joyce filed a motion for substitution of parties and to amend her complaint. The motion explained in relevant part that:
Joyce Eusepi is or will be appointed Personal Representative of the Estate of her Husband, Amerigo Eusepi. Therefore, Plaintiff requests leave of Court to amend the Complaint to name Joyce Eusepi, as Personal Representative for the Estate of her husband, Amerigo Eusepi, and also to bring a claim on behalf of herself, individually, as a survivor of her husband, and also in the alternative, to bring a survival action pursuant to Florida Statutes.
Although her husband's estate had not yet been opened for probate, the amended complaint identified Joyce as plaintiff both *797 individually and on behalf of the estate, asserting that she had been or would be appointed personal representative. The complaint was filed on May 19, 2005, eighty days after the filing of the suggestion of death. On May 26, 2005, defendants stipulated to the granting of Joyce's motion to substitute parties and to amend the complaint, and the trial court entered an order granting the motions. The order provided that "Plaintiff's First Amended Complaint shall be deemed filed as of the date of this Order."
On June 28, 2005, the defendants moved to dismiss the complaint on the basis that the estate had not been opened within ninety days of the filing of the suggestion of death and Joyce had yet to be appointed personal representative. Defendants argued that dismissal was required by Florida Rule of Civil Procedure 1.260, which provides:
(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on all parties as provided in rule 1.080 and upon persons not parties in the manner provided for the service of a summons. Unless the motion for substitution is made within 90 days after the death is suggested upon the record by service of a statement of the fact of the death in the manner provided for the service of the motion, the action shall be dismissed as to the deceased party.

Id. (emphasis added).
Joyce filed an affidavit in opposition to the motion to dismiss, in which she stated that she had been married to her husband for nearly forty years; that she had been overwhelmed with grief after her husband's death; that she had been staying with each of her three children following his death and was not timely receiving mail from her attorneys. She asserted that she had filed a petition for administration with all appropriate documentation on or about July 20, 2005, and asked that her delay in filing the petition be excused on the basis of "mistake, inadvertence, surprise or excusable neglect." Letters of administration were issued on August 1, 2005.
The trial court heard the motion to dismiss immediately before trial. Defendants argued at the hearing that it was undisputed that Joyce had failed to obtain an appointment as personal representative within the ninety-day period. Accordingly, they argued that the only issue before the court was whether Joyce was able to establish excusable neglect. They maintained that the grief she had experienced could not be used to establish excusable neglect because grief was inherent in most cases involving substitution due to the death of a party. Joyce argued that cases should not be dismissed for technical reasons and she moved ore tenus at the hearing for an extension of time under Florida Rule of Civil Procedure 1.090, to gain additional time to comply with rule 1.260.
On August 15, 2005, the court granted the motion to dismiss. Joyce timely moved for rehearing, and argued that the court had erred because rule 1.260 does not require that an estate be opened within ninety days of the filing of a suggestion of death. She pointed out that all the rule required was that the motion to substitute be filed within ninety days. She asserted that she had complied with the rule by moving within the ninety-day period to amend the complaint and to substitute herself as the proper party. She noted further that the motion had been granted on May 26, 2005, before the ninety-day period *798 expired. Alternatively, Joyce asked for relief from the ninety-day requirement under Florida Rules of Civil Procedure 1.540 and/or 1.090(b)(2). Joyce also filed an additional affidavit, in which she asserted additional facts in support of her argument of excusable neglect. The court denied Joyce's motion for rehearing.
The crux of defendants' argument seemingly is that Rule 1.260 implicitly requires the formal appointment of an appropriate representative on behalf of the estate within the ninety days because the case cannot proceed until a successor is appointed. We reject this position for several reasons, the most compelling of which is that the rule language is clear about what can authorize dismissal under the rule: failure to make the motion for substitution within ninety days.[1] Here, the motion was filed within ninety days. Moreover, substitution was stipulated to and approved by order within the ninety days. Given the procedural posture of this case, the appellee is not in a position to argue, and does not argue that appointment of the personal representative is a prerequisite to the filing of the motion for substitution or that it is required prior to entry of the order of substitution.
Rule 1.260 is in its present form precisely so that the process of substitution of a new party for a party who dies while litigation is pending will not cause otherwise meritorious actions to be lost. New Hampshire Ins. Co. v. Kimbrell, 343 So.2d 107 (Fla. 1st DCA 1977). The rule is supposed to dispel rigidity, create flexibility and be given liberal effect. Id. Under the former version of the rule, a case had to be dismissed if no substitution were made within two years from the date of the party's death, causing claims to be lost where one or more parties were not aware of the death. Under the procedure revised in 1966, the time for moving to substitute is triggered by the giving of notice of the fact of death, called a "suggestion of death." Why the rule specifies only that the motion be filed within ninety days is not known, but it does appear that the ninety-day period referenced in the rule has served its purpose once the motion is filed. We note that some federal courts construing Federal Rule of Civil Procedure 25, the counterpart to Rule 1.260, have said that where the estate is not in existence at the time the court considers the motion, the court should not enter an order granting the motion. See Gronowicz v. Leonard, 109 F.R.D. 624 (S.D.N.Y.1986). This seems right, but it is not the issue raised here.[2]
It is also important to keep in mind that the rule is designed to cover all substitutions, not just cases like this where the deceased was an individual plaintiff whose personal representative was likely to be his widow. It is not uncommon for the deceased to be someone whose successor in interest is not apparent or easily contacted. Nor is it uncommon for the deceased to be a defendant whose relations and relationships are unknown to a plaintiff trying to preserve his claim against family members who have no interest in facilitating the litigation. See Hardy v. Kaszycki & Sons Contractors, Inc., 842 F.Supp. 713 (S.D.N.Y.1993). We have already *799 said in Martin v. Hacsi, 909 So.2d 935, 937 (Fla. 5th DCA 2005), that the absence of a known personal representative is no excuse for not filing a timely motion to substitute.
Even if we were to interpret the rule as the defendants urge, we would still question the trial court's refusal to allow an extension of time to open the estate. The defendants urge that because the fact of death is inherent in any Rule 1.260 proceeding, the party's death cannot be the excuse for failing to meet the time requirements of the rule. But rather than discount the effect of the death of a party on those who might succeed to his rights or be appointed representative of his estate, a court should exercise its discretion in light of the purposes of Rule 1.260. As set forth above, those purposes are to eliminate traps and procedural bars and to maximize flexibility, precisely because the death of a party is involved. The emotional as well as the practical effects of death on a survivor should be considered. Here, the short delay in setting up the estate and the reasons given for the delay fall well within the liberal purpose of the rule.
REVERSED and REMANDED.
PALMER, J., SHARP, W., Senior Judge, concur.
NOTES
[1] The authorities principally relied on by appellees involve cases where there was no timely filed motion to substitute. See Vera v. Adeland, 881 So.2d 707, 710 (Fla. 3d DCA 2004).
[2] In addition to denying the substitution motion, the trial court has a panoply of other case management devices at its disposal to secure the appointment of the personal representative in order to move the case to resolution. Once the motion for substitution is timely filed, however, dismissal is not available under the ninety-day provision of Rule 1.260.