952 So.2d 624 (2007)
Barbara Ann METCALFE, Appellant,
v.
Spencer LEE, M.D. and Mark A. Pinsky, M.D., P.A., Appellees.
Nos. 4D05-4033, 4D06-1582.
District Court of Appeal of Florida, Fourth District.
April 4, 2007.
*626 Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, and Bryan D. Caulfield of Perenich, Carroll, Perenich, Avril, Caulfield & Noyes, P.A., Clearwater, for appellant.
Dinah Stein and Mark Hicks of Hicks & Kneale, P.A., Miami, Coel & Warren, P.L., Boca Raton, and Adams, Coogler, Watson, Merkel, Barry & Kellner, P.A., West Palm Beach, for appellees.
REYES, ISRAEL U., Associate Judge.

INTRODUCTION
In this consolidated appeal, Barbara Ann Metcalfe challenges an order dismissing her medical malpractice suit against defendants Dr. Spencer Lee and Mark A. Pinsky, M.D., P.A., as a consequence of the failure to comply with Florida Rule of Civil Procedure 1.260 and timely substitute a personal representative as plaintiff in the suit following Metcalfe's death. Metcalfe also challenges the subsequent order denying her 1.540(b) motion to set aside the dismissal. Since the issues raised pertain to the proper construction to be afforded a Florida Rule of Civil Procedure, the standard of review is de novo. See, e.g., Saia Motor Freight Line, Inc. v. Reid, 930 So.2d 598, 599 (Fla. 2006).
The plaintiff/appellant contends that the language of the rule simply requires that the motion for substitution be made within ninety days, not that the actual appointment of the personal representative and the substitution occur within ninety days. The plaintiff/appellant also argues that the language of the rule permits counsel for the deceased plaintiff to file the motion for substitution. We agree as to both contentions. The rule authorizes dismissal only when there is a failure to make the motion for substitution within ninety days. Accordingly, we reverse and remand for further proceedings.

PROCEDURAL HISTORY
Barbara A. Metcalfe (Metcalfe) filed a medical malpractice suit against Dr. Spencer Lee (Lee) and Mark A. Pinsky, M.D., P.A. (Pinsky). Metcalfe later died of causes unrelated to this action. On May 9, 2005, counsel for defendant Lee filed and served on Attorney Bryan Caulfield, counsel for the deceased Metcalfe, a suggestion of Metcalfe's death, which occurred on or about May 6, 2005.
Plaintiff's 1.260(a) Motion for Substitution
On June 30, 2005, Caulfield served a "Plaintiff's Motion for Substitution," asserting that "[a]n estate for Ms. Metcalfe is currently being set up by the Law Offices of Joseph Pippen, estate counsel for Plaintiff" and that "Plaintiff is in the process of probating Plaintiff's estate and is seeking the appointment of Robert D. Metcalfe, III, as Personal Representative of the estate" and requesting that the court enter an order substituting Robert D. Metcalfe, III, as Personal Representative of the Estate of Barbara Ann Metcalfe, as the plaintiff in the malpractice suit. When counsel for the defendants declined to stipulate to the substitution, the motion was set for hearing on August 22, 2005.
Defendants' Motion to Dismiss for Failure to Substitute Parties
On August 10, 2005, defendant Pinsky filed a "Motion to Dismiss for Failure to Substitute Parties," relying upon Florida Rule of Civil Procedure 1.260(a)(1). Pinsky asserted dismissal of the action was required because (1) the suggestion of Metcalfe's death was filed and served on May 9, 2005, and, thus, the ninety-day period referenced in the rule expired on August 8, 2005, and (2) the plaintiff failed *627 to have the personal representative substituted before the expiration of the ninety-day period. Defendant Lee subsequently joined in the motion to dismiss. Defendants were correct that the June 30th motion was served and filed despite the fact that a probate estate had not yet been opened and Robert D. Metcalfe, III, had not yet been appointed the personal representative.
Trial Court's Ruling
On September 8, 2005, the trial court rendered an order denying the plaintiff's motion for substitution and granting the defendants' motion to dismiss. In making its ruling, the trial court found:
[T]he Motion for Substitution was not filed by a party with appropriate standing to bring such a motion within 90 days from the date on which the Suggestion of Death [was served], since a personal representative had not yet been appointed and counsel for the Plaintiff provided no authority for the Court to consider.
The court also found that no request for extension of time to accomplish the appointment of the personal representative was made until plaintiff's ore tenus motion at the August 22nd hearingafter the expiration of the ninety daysand that the evidence established ignorance of the law and negligence on the part of plaintiff's counsel, but not excusable neglect.
Further Proceedings
Thereafter, the plaintiff filed a motion for rehearing, an amended motion for rehearing, a second amended motion for rehearing, a third amended motion for rehearing, and, ultimately, a 1.540(b) motion to vacate the order denying the motion for substitution and granting the motion to dismiss. The motions for rehearing were denied and the plaintiff filed a notice of appeal (case number 4D05-4033). Thereafter, this court relinquished jurisdiction and the trial court entered a final judgment of dismissal.
During the pendency of the appeal, this court also relinquished jurisdiction so that the trial court could rule on the pending 1.540(b) motion. Among the documents filed with the trial court in support of the 1.540(b) motion was a copy of a September 13, 2005 order appointing Robert D. Metcalfe, III, and his sister, Marianne M. Cummings, as personal representatives of their mother's estate. Following a hearing, the trial court denied the 1.540(b) motion, and that ruling was also appealed (case number 4D06-1582). The appeals are now consolidated.

ANALYSIS
Florida Rule of Civil Procedure 1.260(a)
Florida Rule of Civil Procedure 1.260(a) provides in relevant part:
(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on all parties as provided in rule 1.080 and upon persons not parties in the manner provided for the service of a summons. Unless the motion for substitution is made within 90 days after the death is suggested upon the record by service of a statement of the fact of the death in the manner provided for the service of the motion, the action shall be dismissed as to the deceased party.
Principles of Statutory Construction Applicable to the Florida Rules of Civil Procedure
It is well-settled that the Florida Rules of Civil Procedure are construed in accordance with the principles of statutory *628 construction. See generally Brown v. State, 715 So.2d 241, 243 (Fla. 1998) ("Our courts have long recognized that the rules of construction applicable to statutes also apply to the construction of rules."). "The cardinal rule of statutory construction is that the courts will give a statute its plain and ordinary meaning." Weber v. Dobbins, 616 So.2d 956, 958 (Fla. 1993). The same applies to rules of procedure. See Stowe v. Universal Prop. & Cas. Ins. Co., 937 So.2d 156, 158 (Fla. 4th DCA 2006) (stating that the trend is to construe rules of civil procedure according to their plain meaning). In addition, a court may refer to a dictionary to ascertain the plain and ordinary meaning. See L.B. v. State, 700 So.2d 370, 372 (Fla. 1997), superseded by statute on other grounds as stated in State v. A.M., 765 So.2d 927 (Fla. 2d DCA 2000); Williams v. State, 378 So.2d 902, 903 (Fla. 5th DCA 1980) (declaring "the word `shall' as used by the Supreme Court when establishing rules of court procedure means exactly what it usually means and as defined in an accepted dictionary"). The goal is to "strictly construe provisions to create rules that are clear-cut and easy to apply." Stowe, 937 So.2d at 158; see also Saia Motor Freight Line, Inc., 930 So.2d at 600 (describing rule 1.525 as establishing "a bright-line time requirement for motions for costs and attorney fees"); Wilson v. Salamon, 923 So.2d 363, 367 (Fla. 2005) (interpreting rule 1.420(e) "by its plain meaning" to "further the purpose of decreasing litigation over the purpose of the rule and fostering the smooth administration of the trial court's docket"); Lamb v. Matetzschk, 906 So.2d 1037 (Fla. 2005) (adopting a bright line rule concerning the form of a rule 1.442 proposal for settlement).
Standing to File the Motion for Substitution
The rule states, in pertinent part, that "[t]he motion for substitution may be made by any party or by the successors or representatives of the deceased party." Fla. R. Civ. P. 1.260(a)(1) (emphasis added). The term "any" means "one . . . selected without restriction." MERRIAM-WEBSTER ONLINE, http://www.m-w.com/dictionary. A "party" is "a person . . . taking one side of a . . . dispute." Id. Thus, "any party" can be a person on one side of a dispute selected without restriction. In addition, the rule's language also allows for the "successors" of the deceased to file the motion. The word "successors" has been defined as "[t]hose persons, other than creditors, who are entitled to property of a decedent under his will or succession statute." BLACK'S LAW DICTIONARY 1432 (6th ed. 1990); see also Schwister v. Schoenecker, 258 Wis.2d 1, 654 N.W.2d 852, 858 n. 9 (2002) (stating that term "successors" is not defined by rule and that "[a] successor might include, for example, heirs or beneficiaries of a will or distributees of an estate that ha[s] been distributed"); cf. Vera v. Adeland, 881 So.2d 707, 710 (Fla. 3d DCA 2004) (stating that "as a general rule, if an estate has been opened, then the decedent's personal representative should be substituted," but "[i]f no estate has been opened, then another appropriate representative, such as a guardian ad litem, will need to be substituted"). A representative is one who is standing or acting for another. See MERRIAM-WEBSTER ONLINE, http:// www.m-w.com/ dictionary.
Thus, Metcalfe's attorney, as her representative, was authorized to file the motion for substitution. Additionally, he was filing the motion on behalf of Metcalfe's son. A plain reading of the rule reveals that nowhere does it state that the motion for substitution must be made by the appointed personal representative.
The Ninety-Day Filing Requirement
Having determined that the plaintiff's attorney was authorized to serve and *629 file the motion for substitution, we must now determine if it was timely. The rule has a clear due date: "Unless the motion for substitution is made within 90 days after the death is suggested upon the record by service of a statement of the fact of the death in the manner provided for the service of the motion, the action shall be dismissed as to the deceased party." Fla. R. Civ. P. 1.260(a)(1). A notice of hearing must accompany the motion. Id. We also note that the language of the rule does not require that the hearing be held within the aforementioned ninety-day period. A motion under this rule is deemed to be made when filed with the clerk along with the corresponding notice of hearing or when both documents are served within the ninety days. See Mut. of Omaha Ins. Co. v. White, 554 So.2d 12, 13 (Fla. 3d DCA 1989) ("In the absence of an express requirement that the motion for substitution be filed within ninety days, we conclude that the generic term `made,' when read in context, contemplates that the motion for substitution is timely if served or filed within ninety days. . . . [T]he motion is timely even if the original does not reach the clerk for filing until the ninety-day period has elapsed."). In addition, the motion and the notice must be "served on all parties as provided in rule 1.080[[1]] and upon persons not parties in the manner provided for the service of a summons." Fla. R. Civ. P. 1.260(a)(1).
Here, the suggestion of death was filed by the codefendant on May 9, 2005. Thus, the motion for substitution had to be made on or before August 8, 2005. It is undisputed that the motion for substitution and the notice of hearing were served on or about June 30, 2005, and filed with the clerk July 5, 2005, certainly before the August 8th ninety-day expiration date. It is of no import that the hearing did not occur until sometime after the ninety-day expiration due to the unavailability of one of the defendants because the motion was "made," as we now define that term, before the expiration date of August 8, 2005.
Appropriateness of a Dismissal
Recently, the Fifth District rejected the defendants' argument that "Rule 1.260 implicitly requires the formal appointment of an appropriate representative on behalf of the estate within the ninety days because the case cannot proceed until a successor is appointed." Eusepi v. Magruder Eye Inst., 937 So.2d 795, 798 (Fla. 5th DCA 2006). In rejecting the argument, the court stated that "the rule language is clear about what can authorize dismissal under the rule." Id. Also, the rule "is in its present form precisely so that the process of substitution of a new party for a party who dies while litigation is pending will not cause otherwise meritorious actions to be lost. The rule is supposed to dispel rigidity, create flexibility and be given liberal effect." Id. (citing New Hampshire Ins. Co. v. Kimbrell, 343 So.2d 107 (Fla. 1st DCA 1977)). We find this analysis to be persuasive especially in light of the rule's plain language as to when a trial court can dismiss an action only when there is a failure to make a motion for substitution.[2] Here, because *630 the motion for substitution was timely made, the trial court erred in dismissing the action.

CONCLUSION
If the rule had intended for only personal representatives to be able to make the motion, then it would have clearly stated that. It does not. Thus, in keeping with the established rules of construction and applying the plain and ordinary meaning of the terms therein, the bright line rule is that any party or successor or representative of the deceased person may move for substitution of a proper party during the relevant ninety-day period. Once the motion and notice of hearing are timely made, the ninety-day expiration period is extinguished, and it is then up to the trial court to decide whether there is a proper party to be substituted during the mandated hearing on the motion.
We leave for the trial courts to determine who can be "proper parties" pursuant to governing law. But, we remark that where a personal representative has been appointed, he or she is most certainly a proper party. See also Canter v. Hyman, 363 So.2d 29, 30 (Fla. 3d DCA 1978) (stating that an administrator ad litem can be appointed to avoid delay).
Having ruled that the motion for substitution was timely made, the issues regarding the trial court's refusal to grant the plaintiff's ore tenus motion for extension of time and additional ruling that counsel for the plaintiff failed to demonstrate a basis for relief under Florida Rule of Civil Procedure 1.540 are moot.[3]
Reversed and Remanded.
KLEIN and SHAHOOD, JJ., concur.
NOTES
[1] This rule also requires that "[a]ll original papers shall be filed with the court either before service or immediately thereafter." Fla. R. Civ. P. 1.080(d).
[2] We note that if a plaintiff attempts to substitute an improper party, then a court can deny the motion for substitution. Or, if the motion is granted and it is later discovered that an improper party has been substituted, that party may be dropped upon the motion of a party or by order of the court on its own initiative. See Fla. R. Civ. P. 1.250(b), 1.420(a)(2). Under both scenarios, however, the action would abate until the party's estate, or other appropriate legal representative, has been substituted. See Cope v. Waugh, 627 So.2d 136, 136 (Fla. 1st DCA 1993) ("Upon the death of an indispensable party, the action abates until the deceased party's estate, or other appropriate representative, has been substituted pursuant to rule 1.260(a)(1)."). However, as we already stated, once a party, successor, or representative of the deceased files or serves the motion along with the corresponding notice of hearing within the required ninety-day time period, dismissal is no longer the appropriate remedy pursuant to rule 1.260.
[3] Even though we need not reach those issues based on our holding today, it appears that dismissal of the decedent's action for failure to meet the ninety-day requirement might be unwarranted where decedent's counsel establishes difficulty in probating the will and appointing a personal representative so as to constitute excusable neglect under rule 1.540. See Tucker v. Firestone Tire & Rubber Co., 552 So.2d 1178, 1179 (Fla. 2d DCA 1989).