989 So.2d 36 (2008)
Virginia T. SCOTT, Appellant,
v.
Michael Freeman MORRIS, Appellee.
No. 4D07-768.
District Court of Appeal of Florida, Fourth District.
July 9, 2008.
Virginia T. Scott, Jupiter, pro se.
*37 James K. Clark of Clark, Robb, Mason, Coulombe, Buschman & Cecere, Miami, for appellee.
KLEIN, J.
The trial court dismissed plaintiff's personal injury complaint for failing to timely move to substitute a party in place of the defendant after being notified that the defendant had died. We reverse.
Defense counsel filed a suggestion of death, which triggered a ninety-day period for the filing of a motion for substitution under rule 1.260(a)(1):
(a) Death.
(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing shall be served on all parties as provided in rule 1.080 and upon persons not parties in the manner provided for the service of a summons. Unless the motion for substitution is made within 90 days after the death is suggested upon the record by service of a statement of the fact of the death in the manner provided for the service of the motion, the action shall be dismissed as to the deceased party.
Plaintiff timely filed a motion for substitution, and in her motion she requested that defense counsel furnish her with the name of the party to be substituted. Defense counsel responded by stating that he had no information as to any estate or survivors of the defendant. Several months later defense counsel moved to dismiss the case, alleging that plaintiff had not timely filed a motion to substitute. The defense argued that, even though the motion was entitled "Motion to substitute party or parties," the motion did not state in its body that it was requesting substitution. The motion did state, as we said earlier, that the plaintiff requested defense counsel to provide her with the information necessary to make the substitution and asked the court to order defense counsel to do so. The court granted the motion.
The purpose of rule 1.260 is to facilitate the rights of persons having lawful claims against estates being preserved, Estate of Morales v. Iasis Healthcare Corporation, 901 So.2d 965 (Fla. 2d DCA 2005), so that otherwise meritorious actions will not be lost. Eusepi v. Magruder Eye Inst., 937 So.2d 795, 798 (Fla. 5th DCA 2006) ("The rule is supposed to dispel rigidity, create flexibility and be given liberal effect."). This motion was sufficient to satisfy the rule.[1] Reversed.
FARMER, J. and BARZEE FLORES, MARY, Associate Judge, concur.
NOTES
[1] Plaintiff did not accompany her motion to substitute with a notice of hearing. In Metcalfe v. Lee, 952 So.2d 624, 629 (Fla. 4th DCA 2007), this court stated, in dicta, that a notice of hearing "must accompany the motion." Whether the notice of hearing had to accompany the motion was not an issue in Metcalfe, because in that case a notice of hearing was filed at the same time as the motion. Appellee has not raised the lack of the notice of hearing, perhaps because appellee recognizes that the rule requires only that the motion for substitution be made within ninety days. There is little point in setting a hearing until it is known if an estate has been opened or will be opened. See Vera v. Adeland, 881 So.2d 707, 710 (Fla. 3d DCA 2004) (stating that "as a general rule, if an estate has been opened, then the decedent's personal representative should be substituted," but "[i]f no estate has been opened, then another appropriate representative, such as a guardian ad litem, will need to be substituted").