NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


MARK STERN,                                    )
                                               )
          Appellant,                           )
                                               )
v.                                             )          Case No. 2D17-3044
                                               )
HILLEL A. HORWITZ; PALM AIRE AT                )
DESOTO LAKES COUNTRY CLUB                      )
CONDOMINIUM ASSOCIATION, INC.;                 )
and PROGRESSIVE COMMUNITY                      )
MANAGEMENT,                                    )
                                               )
          Appellees.                           )
_____)

Opinion filed May 30, 2018.

Appeal from the Circuit Court for Manatee
County; Gilbert A. Smith, Jr., Judge.

Susan J. Silverman, Sarasota, for Appellant.

Ashley E. Ettaro, Jeffrey A. Caglianone, and
David R. Reed of Caglianone & Miller, P.A.,
Tampa, for Appellee Hillel A. Horwitz.

Peter J. Delahunty of Law Office of Peter J.
Delahunty, Tampa, for Appellees Palm Aire
at DeSoto Lakes Country Club
Condominium Association, Inc., and
Progressive Community Management.

No appearance for remaining Appellees.

KHOUZAM, Judge.

Mark Stern appeals the dismissal of his negligence cause of action against Hillel A. Horwitz, a deceased party, as well as the granting of final summary judgment in favor of Palm Aire at DeSoto Lakes Country Club Condominium Association, Inc., and Progressive Community Management. We affirm without comment the granting of final summary judgment. However, because the trial court erroneously dismissed Mr. Stern's action against Mr. Horwitz under Florida Rule of Civil Procedure 1.260(a), we reverse.

On February 16, 2011, Mr. Stern filed a complaint against Mr. Horwitz, alleging that Mr. Horwitz had operated his golf cart in a negligent manner, causing Mr. Stern bodily injuries. On August 9, 2016, counsel for Mr. Horwitz filed a suggestion of death, indicating that Mr. Horwitz had died. On August 22, 2016, Mr. Stern, who was representing himself at that time, filed a motion to substitute Mr. Horwitz with a personal representative of Mr. Horwitz's estate or another authorized person under rule 1.260. A notice of hearing was not filed with the motion to substitute; it was filed ten months later.

On March 8, 2017, counsel for Mr. Horwitz filed a motion to dismiss Mr. Stern's complaint. Mr. Horwitz's attorney argued that because a notice of hearing was neither filed with the motion to substitute nor within the ninety days of the filing of the suggestion of death, rule 1.260(a) mandated dismissal of Mr. Horwitz's complaint. In response, Mr. Stern contended that his complaint should not be dismissed because his motion for substitution was timely served based on the plain language of the rule.

After holding a hearing on the motion, the trial court, relying on Metcalfe v. Lee, 952 So. 2d 624 (Fla. 4th DCA 2007), granted the motion to dismiss because Mr.

Stern failed to comply with rule 1.260(a)'s requirement that a notice of hearing be served with the motion to substitute. However, we disagree with the trial court's reliance on Metcalfe. For the reasons set forth below, we hold that rule 1.260(a) is clear and unambiguous on its face and does not require dismissal when a notice of hearing is not served contemporaneously with the motion for substitution.

Because this issue involves the interpretation of a Florida rule of civil procedure, our standard of review is de novo. See Ochoa v. Koppel, 197 So. 3d 77, 79-80 (Fla. 2d DCA 2016) (citing Saia Motor Freight Line, Inc. v. Reid, 930 So. 2d 598, 599 (Fla. 2006)), review granted, No. SC16-1474, 2016 WL 9454296 (Fla. Nov. 9, 2016).

Rule 1.260(a) governs the process for substitution of deceased parties. It provides, in relevant part, as follows:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on all parties as provided in rule 1.080 and upon persons not parties in the manner provided for the service of a summons. Unless the motion for substitution is made within 90 days after the death is suggested upon the record by service of a statement of the fact of the death in the manner provided for the service of the motion, the action shall be dismissed as to the deceased party.

Fla. R. Civ. P. 1.260(a)(1) (emphasis added).

The first sentence of rule 1.260(a)(1) authorizes a court to order substitution of the proper parties in the event that "a party dies and the claim is not thereby extinguished." The second sentence of the rule allows "any party" or successor or representative of the deceased party to move to substitute the proper party for the deceased person. Id. And if such a motion is made, the rule requires that the motion

- 3 -

for substitution along with a notice of hearing be served on all parties in accordance with rule 1.080 and on all nonparties in the same manner as the service of a summons. Id.

The third sentence of rule 1.260(a)(1) provides a mechanism for the dismissal of a cause of action against a deceased party. The rule provides that if the motion for substitution is not "made within [ninety] days" after the party's death is suggested on the record, then "the action shall be dismissed as to the deceased party."[1] See Mut. of Omaha Ins. Co. v. White, 554 So. 2d 12, 13 (Fla. 3d DCA 1989) ("[T]he generic term 'made,' when read in context, contemplates that the motion for substitution is timely if served or filed within ninety days."). In other words, dismissal is not warranted once two things occur: (1) the party's death is suggested upon the record and (2) the motion for substitution is filed or served within ninety days of the suggestion of death. Significantly, unlike the second sentence which requires both the motion and the notice of hearing to be served upon all parties and nonparties, the third sentence concerning dismissal of an action omits any mention of serving "a notice of hearing." Cf. Knowles v. Beverly Enters.-Fla., Inc., 898 So. 2d 1, 13 (Fla. 2004) (Cantero, J., concurring) ("[W]e are not at liberty to add words to statutes that were not placed there by the Legislature." (quoting Hayes v. State, 750 So. 2d 1, 4 (Fla. 1999))). As such, the plain language of the rule indicates that dismissal is triggered only when the motion for substitution is not filed or served within the ninety-day period. See Scott v. Morris, 989 So. 2d 36, 37 n.1 (Fla. 4th DCA 2008) (recognizing that "the rule requires only that the

---

[1]Of course, this interpretation does not preclude a party from raising excusable neglect as a defense to dismissal under rule 1.260(a)(1). See Mims ex rel. Mims v. Am. Sr. Living of Dade City, FL, LLC, 36 So. 3d 935, 936 (Fla. 2d DCA 2010); Tucker v. Firestone Tire & Rubber Co., 552 So. 2d 1178, 1179 (Fla. 2d DCA 1989).

motion for substitution be made within ninety days"); see also Eusepi v. Magruder Eye Inst., 937 So. 2d 795, 798 (Fla. 5th DCA 2006) (acknowledging that rule 1.260 "specifies only that the motion [for substitution] be filed within ninety days" and that "the ninety-day period referenced in the rule has served its purpose once the motion is filed." (emphasis added)).

Additionally, as we stated earlier in Blue v. R.J. Reynolds Tobacco Co., 234 So. 3d 863 (Fla. 2d DCA 2018), the purpose of rule 1.260 was to "allow more flexibility in substitution." Id. at 867 (quoting N.H. Ins. Co. v. Kimbrell, 343 So. 2d 107, 109 (Fla. 1st DCA 1977)). Its ninety-day time period for filing or serving the motion for substitution "was not intended to act as a bar to otherwise meritorious actions." Id. (quoting Kimbrell, 343 So. 2d at 109); see also Scott, 989 So. 2d at 37 (stating that the purpose of rule 1.260 is "to facilitate the rights of persons having lawful claims against estates being preserved so that otherwise meritorious actions will not be lost" (citation omitted)); Eusepi, 937 So. 2d at 798 n.2 (noting that "[o]nce the motion for substitution is timely filed . . . dismissal is not available under the ninety-day provision of Rule 1.260"). Indeed, as the Fourth District noted, "[t]here is little point in setting a hearing until it is known if an estate has been opened or will be opened." Scott, 989 So. 2d at 37 n.1.

Moreover, a notice of hearing is distinct from a motion for substitution of a deceased party in both form and substance. A substitution motion is concerned primarily with the process of replacing a deceased party with the proper party—if or when that party becomes available—in order to preserve meritorious actions. See Eusepi, 937 So. 2d at 798 ("Rule 1.260 is in its present form precisely so that the

- 5 -

process of substitution of a new party for a party who dies while litigation is pending will not cause otherwise meritorious actions to be lost.").  In contrast, the notice of hearing on a motion for substitution is concerned primarily with safeguarding the due process rights of the affected parties—but only once the proper party exists.  See id. ("[W]here the estate is not in existence at the time the court considers the motion [for substitution], the court should not enter an order granting the motion." (citing Gronowicz v. Leonard, 109 F.R.D. 624, 626 (S.D.N.Y. 1986))).  Indeed, only when the proper party is in existence may it then be properly served and substituted; thus, allowing the proper party an adequate opportunity to defend itself.[2]  Cf. Schaeffler v. Deych, 38 So. 3d 796, 800, 801 (Fla. 4th DCA 2010) (holding that the trial court violated the estate's due process rights by proceeding to enter final judgment without substitution of the proper party); Arena Parking, Inc. v. Lon Worth Crow Ins. Agency, 768 So. 2d 1107, 1111 (Fla. 3d DCA 2000) ("It is fundamental that due process guarantees to a party notice and an opportunity to be heard before his rights are taken away from him by order, decree or judgment of any court." (quoting Mayflower Inv. Co. v. Brill, 188 So. 205, 205 (Fla. 1939))).

Here, it is clear that the trial court erred in dismissing Mr. Stern's action against Mr. Horwitz.  The record reflects that the suggestion of death was filed on

_____

[2]Mr. Horwitz's attorneys argue that not requiring a notice of hearing to be filed or served along with the motion for substitution will result in the perpetual abatement of an action.  Though we certainly do not condone Mr. Stern's behavior in this action, such a concern is not warranted.  Rule 1.260 places no limitations on whom may serve or file a notice of hearing following the motion for substitution being served within the ninety-day period.  In fact, rule 1.260(a)(1) provides specifically that "any party," including "the successors or representatives of the deceased party," may file or serve such a motion with a notice of hearing.  (Emphasis added.)

August 9, 2016, and that the motion for substitution was filed ten days later on August 19, 2016. Accordingly, because the motion for substitution was timely filed within ninety days of the filing of the suggestion of death, we conclude that the trial court erred in dismissing Mr. Stern's complaint against Mr. Horwitz.

Finally, we note that any reliance upon the Fourth District's decision in Metcalfe is misplaced. There, although the Fourth District interpreted rule 1.260 to mean that a party must file the notice of hearing with the motion for substitution to prevent dismissal, see Metcalfe, 952 So. 2d at 629, this interpretation was short lived. A year later, the Fourth District in Scott cabined its previous interpretation, describing it as dicta and acknowledging that rule 1.260 "requires only that the motion for substitution be made within ninety days." Scott, 989 So. 2d at 37 n.1. Specifically, the Fourth District reasoned that its prior statement was dicta because the issue of "[w]hether the notice of hearing had to accompany the motion was not an issue in Metcalfe." Scott, 989 So. 2d at 37 n.1. In fact, the controlling issues in Metcalfe dealt with who had standing to file a motion for substitution and when such a motion must be made. See Metcalfe, 952 So. 2d at 628-30.

We therefore reverse and remand for reinstatement of Mr. Stern's cause of action against Mr. Horwitz.

Affirmed in part, reversed in part, and remanded.

MORRIS and ROTHSTEIN-YOUAKIM, JJ., Concur.