NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

SANDRA MATTICK, )
)
     Appellant, )
)
v. )    Case No. 2D17-3645
)
ERNIE LISCH, as attorney ad litem for )
the Estate of Ernie Conrads, )
)
     Appellee. )
_____)

Opinion filed November 2, 2018.

Appeal from the Circuit Court for Manatee
County; Gilbert A. Smith, Jr., Judge.

Susan J. Silverman, Sarasota; and Scott B.
Kallins of Kallins, Little & DelGado, P.A.,
Palmetto, for Appellant.

Kansas R. Gooden of Boyd & Jenerette,
P.A., Jacksonville; and Kevin D. Franz of
Boyd & Jenerette, P.A., Boca Raton, for
Appellee.

SILBERMAN, Judge.

       Sandra Mattick seeks review of a final defense judgment in her automobile

negligence action against Ernie Lisch, as attorney ad litem for the Estate of Ernie

Conrads. The trial court dismissed the case based on Mattick's failure to timely

substitute the estate as the party defendant. We reverse because the court should have abated the action instead of dismissing the complaint.

Mattick filed a complaint naming Ernie Conrads as a defendant in August 2014. While attempting to serve process, Mattick learned that Conrads had died. Mattick obtained an order appointing an attorney ad litem for purposes of service. The defense then filed a motion to dismiss for failure to name Conrads' estate as the proper party. Mattick responded by filing a suggestion of death and a motion to substitute Conrads' estate as a party. The parties later filed a stipulation for substitution of attorney Ernie C. Lisch as attorney ad litem for the estate.

Lisch filed an answer and affirmative defenses on behalf of the estate. Nothing in that pleading indicated that the estate had not been opened. Over two years later, Lisch filed a motion to dismiss for failure to substitute the estate as a defendant. Lisch's attorney claimed she had been under the mistaken impression that Mattick had opened an estate before Mattick filed the motion to substitute. Counsel asserted that pursuant to Florida Rule of Civil Procedure 1.260, Mattick had ninety days from the date she filed the suggestion of death in which to substitute the estate as a party. Counsel argued that the trial court never obtained jurisdiction over the estate because the estate had never been opened. At the hearing on the motion, Mattick's attorney said he thought that Lisch was going to open the estate. Mattick's attorney also said that he had begun the process of opening the estate and expected it to be completed by the end of the next week. The trial court granted the motion to dismiss.

Rule 1.260(a)(1) provides for the substitution of a party if the party dies and the claim is not extinguished. The rule requires that a motion to substitute be made

within ninety days of the suggestion of death on the record. If the motion to substitute is not filed within ninety days, "the action shall be dismissed as to the deceased party." Id.

There is no dispute that the motion to substitute was filed within ninety days of the suggestion of death. Thus, rule 1.260(a)(1) did not provide a basis for dismissal. See Stern v. Horwitz, 249 So. 3d 688 (Fla. 2d DCA 2018). Instead, the action should have been abated until the estate or a proper legal representative had been substituted. See Schaeffler v. Deych, 38 So. 3d 796, 799 (Fla. 4th DCA 2010); Cope v. Waugh, 627 So. 2d 136, 136 (Fla. 1st DCA 1993); see also Floyd v. Wallace, 339 So. 2d 653, 654 (Fla. 1976). While Lisch was substituted for Conrad as attorney ad litem for the estate, the parties concede that the estate was ultimately required to be substituted as the party defendant.

We recognize that the trial court had the authority to dismiss the complaint as a sanction for dilatory conduct. See Fla. R. Civ. P. 1.420(b). However, the record does not support a finding that Mattick's failure to open the estate was willful or deliberate. See Kozel v. Ostendorf, 629 So. 2d 817, 818 (Fla. 1993). There was confusion on both sides regarding which party was to open the estate. And Lisch had filed an answer and affirmative defenses on behalf of the estate. Furthermore, Mattick was in the process of opening the estate at the time the motion to dismiss was heard. Under these circumstances, the court should have abated the action instead of dismissing it. Accordingly, we reverse and remand for further proceedings.

Reversed and remanded.

MORRIS and ATKINSON, JJ., Concur.