DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAVID GREEN,**
Appellant,

v.

**RENEE POLUKOFF** and **ALLSTATE
INSURANCE COMPANY,**
Appellees.

No. 4D2022-2818

[January 17, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Paige Hardy Gillman, Judge; L.T. Case No. 502017CA009385XXXXMB.

Carl A. Cascio and Gary S. Gaffney of Carl A. Cascio, P.A., Boynton Beach, for appellant.

Jacqueline G. Emanuel of Knoerr & Emanuel, P.A., Fort Lauderdale, for appellees.

FORST, J.

Appellant David Green appeals the trial court order dismissing his complaint with prejudice. The trial court found that Green failed to file a motion for substitution within 90 days of the suggestion of death of defendant Renee Polukoff ("Defendant") as required under Florida Rule of Civil Procedure 1.260(a)(1). We disagree with the trial court and reverse, holding that Green filed a timely motion requesting the trial court appoint someone to represent Defendant's interests, satisfying rule 1.260(a)(1)'s requirements.

## Background

Green and Defendant were involved in a car accident, and Green sued Defendant for injuries resulting from the accident. A short time later, Defendant died. Defense counsel then filed a suggestion of death, triggering rule 1.260(a)(1)'s 90-day time limit for the filing of a motion for substitution.

Within 90 days of the suggestion of death, Green moved to have the trial court appoint a guardian ad litem, an administrator ad litem, and an attorney ad litem ("Motion to Appoint") to represent Defendant's interests. This motion was not titled as a motion for substitution, but it stated that "pursuant to Florida Rule of Civil Procedure 1.260," Green sought "an order appointing an Attorney ad Litem, Guardian ad Litem and Administrator ad Litem, so that the interests of the Defendant's Estate is represented during the pendency of this action and in any other action that may be filed against the Estate." The trial court denied this motion.

Ninety-one days after the suggestion of death was filed, defense counsel moved to dismiss Green's complaint. Defense counsel argued that rule 1.260(a)(1) required a motion for substitution be filed within 90 days or the trial court "shall" dismiss the case. Defense counsel contended Green's Motion to Appoint was not a motion for substitution, and the trial court was thus required to dismiss the complaint.

Four days later, Green filed an "amended motion to substitute." Green also opposed the motion to dismiss, arguing he complied with rule 1.260(a)(1)'s 90-day time limit by filing his Motion to Appoint, or alternatively, excusable neglect permitted him to file a late motion.

The trial court denied defense counsel's motion to dismiss, finding that Green had demonstrated excusable neglect. The trial court gave Green an extension of time to substitute the proper party. Green attempted to open the estate over the next year but was unable to do so.

Defense counsel then filed another motion to dismiss Green's complaint on the basis that any neglect was no longer excusable. The trial court agreed and dismissed the case with prejudice for two reasons. First, the court found that no motion for substitution had been filed within 90 days of the suggestion of death. Second, the court found that because almost a year had passed since defense counsel's motion to dismiss was denied, any neglect was no longer excusable.

This timely appeal followed.

## Analysis

On appeal, Green primarily argues that the Motion to Appoint filed within 90 days of the suggestion of death was a "motion for substitution" under rule 1.260(a)(1), so dismissal was improper.

A procedural rule's interpretation is reviewed de novo. *Chemrock Corp. v. Tampa Elec. Co.*, 71 So. 3d 786, 790 (Fla. 2011).

2

Rule 1.260(a)(1) requires that a motion for substitution be filed within 90 days of a suggestion of death:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be filed and served on all parties as provided in Florida Rule of General Practice and Judicial Administration 2.516 and upon persons not parties in the manner provided for the service of a summons. **Unless the motion for substitution is made within 90 days after a statement noting the death is filed and served** on all parties as provided in Rule of General Practice and Judicial Administration 2.516, **the action shall be dismissed as to the deceased party.**

Fla. R. Civ. P. 1.260(a)(1) (emphasis added).

"The purpose of rule 1.260 is to facilitate the rights of persons having lawful claims against estates being preserved, so that otherwise meritorious actions will not be lost." *Scott v. Morris*, 989 So. 2d 36, 37 (Fla. 4th DCA 2008) (internal citation omitted). The rule is designed to protect "plaintiffs asserting claims against a decedent, and the decedent's heirs, not defendants." *R.J. Reynolds Tobacco Co. v. Lacey*, 276 So. 3d 103, 107 (Fla. 3d DCA 2019); *see also Eusepi v. Magruder Eye Inst.*, 937 So. 2d 795, 798 (Fla. 5th DCA 2006) ("The rule is supposed to dispel rigidity, create flexibility and be given liberal effect.").

In *Scott*, we interpreted the meaning of "motion for substitution" in rule 1.260(a)(1) broadly. There, the plaintiff filed a "Motion to substitute party or parties" within 90 days of the defendant's suggestion of death. 989 So. 2d at 37. The motion did not request any specific party be substituted for the defendant. *Id.* Instead, the motion requested that defense counsel provide the information necessary to open the estate and that the trial court order the defendant to provide that information. *Id.* We held that this filing was a "motion for substitution" under rule 1.260(a)(1), and its filing within 90 days meant the trial court could no longer dismiss the case based on noncompliance with the 90-day requirement. *Id.*

Applying *Scott*, we conclude that Green's "Motion to Appoint" was a "motion for substitution" under rule 1.260(a)(1). Green's motion requested the trial court appoint someone to represent the interests of the deceased defendant, which is all that *Scott* and rule 1.260(a)(1) require. *See M.R. v. A.B.C.*, 739 So. 2d 118, 119 (Fla. 3d DCA 1999) ("There are no specific

3

requirements for the content of the motion, other than that it seek an order substituting a 'proper' party in place of the decedent." (citation and quotation marks omitted)). Green was not required to label his motion as a "motion for substitution," when his Motion to Appoint was a clear attempt to comply with rule 1.260(a)(1), evidenced by its explicit citation to rule 1.260(a)(1). *See Mandelko v. Lopresti*, 345 So. 3d 314, 317 (Fla. 4th DCA 2022) ("With respect to the characterization of motions, Florida courts place substance over form." (quoting *IndyMac Fed. Bank FSB v. Hagan*, 104 So. 3d 1232, 1236 (Fla. 3d DCA 2012))); *Metcalfe v. Lee*, 952 So. 2d 624, 629 n.2 (Fla. 4th DCA 2007) (explaining that where the plaintiff attempts to substitute an improper party, the trial court should deny the motion, but the timely filing of the denied motion nevertheless makes dismissal pursuant to rule 1.260(a)(1) no longer the appropriate remedy).

Because Green timely filed a motion for substitution, the trial court could not dismiss the case under rule 1.260(a)(1). *See Mattick v. Lisch*, 304 So. 3d 32, 33 (Fla. 2d DCA 2018) ("[T]he motion to substitute was filed within ninety days of the suggestion of death. Thus, rule 1.260(a)(1) did not provide a basis for dismissal.").[1] The formal appointment of a personal representative is not a precondition to filing a motion to substitute. *See Metcalfe*, 952 So. 2d at 629–30; *Eusepi*, 937 So. 2d at 798; *M.R.*, 739 So. 2d at 119.

Since Green filed a timely motion for substitution, "[t]he action should have been abated until the estate or a proper legal representative had been substituted." *Mattick*, 304 So. 3d at 33. We further determine that, although the trial court "had the authority [under Florida Rule of Civil Procedure 1.420(b)] to dismiss the complaint as a sanction for dilatory conduct . . . the record does not support a finding that [Green's] failure to open the estate was willful or deliberate." *Id.*

## Conclusion

Green timely moved for the trial court to appoint a guardian ad litem, an administrator ad litem, and an attorney ad litem, citing rule 1.260(a)(1) in support. Because Green's motion was filed within 90 days of Defendant's suggestion of death, the trial court could not dismiss Green's complaint with prejudice under rule 1.260(a)(1). Accordingly, we reverse the trial court's order dismissing Green's complaint with prejudice.

*Reversed and remanded for further proceedings.*

---

[1] As we hold Rule 1.260(a)(1)'s 90-day requirement was not violated, we need not address whether Green's failure to open an estate within a year constituted "excusable neglect" under Florida Rules of Civil Procedure 1.090(b)(1)(B) or 1.540(b).

MAY and DAMOORGIAN, JJ., concur.

\*    \*    \*

***Not final until disposition of timely filed motion for rehearing.***

5